**J. B. LOCKLIN v. SUE PRIDGEON, as Sheriff of Lafayette County, Florida.**

30 So. (2nd) 102

April 18, 1947

January Term, 1947

En Banc

*Hugh L. McArthur,* for petitioner.

*J. Tom Watson,* Attorney General and *Reeves Bowen,* Assistant Attorney General, for respondent.

BUFORD, J.:

This is an original proceeding in habeas corpus.

Petitioner was indicted in the Circuit Court of Lafayette County, Florida, for an alleged violation of Chapter 22761, Acts of 1945, which was brought forward as Section 839.22 1946 Cumulative Supplement to Fla. Statutes 1941 (same F.S.A.). The indictment charged:

"That W. B. Thomas and J. B. Locklin on the 15th day of June, A. D. 1946, in the County and State aforesaid; and

W. B. Thomas being then and there an officer of Lafayette County, Florida, to-wit: A Deputy Sheriff of said Lafayette County, Florida, and said J. B. LOCKLIN being then and there an officer of the State of Florida, to-wit: a Florida Highway Patrol Officer; did unlawfully commit acts under color of authority as such Officers aforesaid, by him, the said W. B. THOMAS as Deputy Sheriff aforesaid, and him, the said J. B. LOCKLIN as Florida Highway Patrol Officer aforesaid, unlawfully and without being authorized by law, unlawfully entering the home of one GLENN SAPP and then and there forcibly and against the will of said GLENN SAPP, unlawfully arrest him and incarcerate the said GLENN SAPP in the County Jail of said County, at Mayo, in Lafayette County, Florida."

Sections 1 and 2 of the Act provide:

"Section 1. That it shall be unlawful for any person to commit any act under color of authority as an officer, agent or employee of the United States Government, State of Florida, or any political subdivision thereof when such act is not authorized by law; or to intimidate or otherwise by color of authority cause any other person to release information or allow inspection of records or extend a privilege not required by law.

Section 2. Any person committing or attempting to commit any act made unlawful by Section 1 hereof who by so doing molests, injures or causes another to suffer damage or loss shall be civilly liable and responsible therefor, and any person suffering such injury, damage or loss shall be entitled to bring action for redress in any court having competent jurisdiction. The exercise of any rights under the provisions of this Section shall not operate as a bar to or prevent criminal prosecution."

Section 3 of the Act provides the penalty for violation of Section 1.

There are two questions presented for our determination, which are as follows:

"1. Is Chapter 22761 Acts of 1945 Laws of Florida, unconstitutional?

"2. Is your petitioner an officer of the State of Florida, he having neither been elected by the people nor appointed by the Governor?"

It will be necessary for us to consider only the first question in this opinion because we must reach the conclusion that the legislative Act involved is violative of the due process clause of the State and Federal Constitutions and violates Sec. 11 of our Declaration of Rights and violates Sec. 1 of Article III of our Constitution.

That the sufficiency of the indictment may be challenged in habeas corpus proceedings when it totally fails to charge an offense under any valid law is settled by our opinion and judgment in the case of Jones v. Cook, 146 Fla. 253, 200 So. 856.

The infirmity in the statute is that it is too vague, indefinite and uncertain to constitute notice of the crime or crimes or unlawful acts which it purports to prohibit. The statute prescribes no ascertainable standard of guilt. Under the provisions of this Act an officer or employee is just as amenable to prosecution for an act done in good faith, when that act is not specifically authorized by law, as he would be for the commission of an act done with evil intent and wilfully done in violation of law. So the determination of a standard of guilt is left to be supplied by courts or juries. This is an unconstitutional delegation of legislative power.

The Supreme Court of the United States in the case of Screws et al v. United States, 325 U. S. 91 to 161, 89 Law Ed. 1495, had under consideration Sec. 20 of the Federal Criminal Code. In the opinion prepared by Mr. Justice Douglas and concurred in by Mr. Justice Black and Mr. Justice Reed, it was said:

"We hesitate to say that when Congress sought to enforce the Fourteenth Amendment in this fashion it did a vain thing. We hesitate to conclude that for 80 years this effort of Congress, renewed several times, to protect the important rights of the individual guaranteed by the Fourteenth Amendment has been an idle gesture. Yet if the Act falls by reason of vagueness so far as due process of law is concerned, there would seem to be a similar lack of specificity when the privi-

leges and immunities clause (Madden v. Kentucky, 309 US 83, 84 L. ed 590, 60 S Ct 406, 125 ALR 1383) and the equal protection clause (Smith v. Texas, 311 US 128, 85 L ed 84, 61 S Ct 164; Hill v. Texas, 316 US 400, 86 L ed 1559, 62 S Ct. 1159) of the Fourteenth Amendment are involved."

Mr. Justice Rutledge wrote a concurring opinion in that case agreeing with the result reached in the opinion by Mr. Justice Douglas but nowhere in any of the several opinions written in that case is it intimated that a statute so vague and lacking in establishing a standard of guilt as the one here under consideration can be sustained.

It appears to be generally conceded that a statute, especially a penal statute, must be definite to be valid. In 12 Am. Juris., Constitutional Law, page 282, Sec. 585, it is said:

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

In Vallat v. Radiam Dial Co., 360 Ill. 407, 196 N.E. 485, 99 A.L.R. 607, it is held:

"Law must be complete in all its terms and definite and certain enough to enable every person, by reading it, to know what his rights and obligations are and how the law will operate when put into execution."

In that case it was also said:

"If the statute leaves it to the ministerial officer to define the thing to which the statute is to be applied and if the definition is not commonly known in the modes already pointed out, the act becomes invalid because it creates an unwarranted and void delegation of legislative power." People v. Yonker, 351 Ill. 139, 145, 184 N.E. 228.

In Connally etc. et al. v. General Construction Company, 269 U. S. 385, 70 L. ed. 322, 40 Sup. Ct. 126, the Court said:

"If the enactment is so uncertain that the court is unable to determine, with any reasonable degree of certainty, what the legislature intended, or it is so incomplete that it cannot be executed, there is no other course open but to condemn it as void for uncertainty. State ex rel Husting v. State Canvassers, 159 Wis. 216, 150 N.W. 542, Ann. Cas. 1916D, 159.

Where the terms of the statute are so uncertain as to their meaning that the court cannot say with reasonable certainty what is intended, it will pronounce the enactment void. Cook v. State, 26 Ind. App. 278, 59 S.E. 489.

When a statute uses words of no determinative meaning, and the language is so general and indefinite as to embrace not only acts properly and legally punishable, but others which cannot be punished, it will be declared void for uncertainty. State v. Diamond, 27 N.W. 477, 20 A.L.R. 1527, 202 Pac. 988."

In the case of Yu Cong Eng et al v. Trinidad, 371 U.S. 500, 70 L. ed. 1059, 46 Sup. Ct. 619, the court held:

"The court cannot, in order to bring a statute within the fundamental law, amend it by construction."

"A statute which requires the doing of an act so indefinitely described that men must guess at its meaning violates due process of law.

"A statute cannot in order to make it conform to constitutional requirements, be given an indefinite mandatory construction in lieu of the broadly prohibitory meaning indicated by its language.

"Generally, inclusive terms in a criminal statute cannot be reduced by construction so as to limit its application only to that class of cases which it was within the power of the legislature to enact, and thus save the statute from invalidity."

The language of the statute here under consideration, viz: "It shall be unlawful for any person to commit any act under color of authority as an officer, agent or employee of the United States Government, State of Florida or any political subdivision thereof, when such act is *not authorized by law*" (emphasis supplied), brings this act within the condemnation of the rule stated in the opinions, supra. To read the act so as to construe it as valid, we should have to read into it a limitation of its application and thereby reduce it to construction so as to apply it to a more limited field than that which the legislature attempted to cover. See also Smith v. Cahoon 283 U.S. 553, 75 L. ed. 1264.

742

By the terms of this act every officer, agent or employee of the Federal Government, of the State and the political subdivisions of the State, is required to determine at his peril what specific acts are authorized by law and what are not authorized by law. Honest and intelligent men may reasonably have contrary views as to whether or not a specific act of an officer is or is not authorized by law and, therefore, the violation or non-violation of this statute may reasonably depend upon which view the court or a jury may agree with.

It seems to us that nothing could be more indefinite and uncertain than what is attempted as a penal statute in the instant case.

For the reasons stated, the petitioner is discharged.

So ordered.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS and BARNS, JJ., concur.