GROFO REALTY CO., A CORPORATION OF NEW JERSEY, JEROME PAPARELLA, PETER MELTZER, AND MAX RUDOLPH, PLAINTIFFS, v. THE CITY OF BAYONNE, A MUNICIPAL CORPORATION, DEFENDANT.

Argued April 8, 1957—Decided June 10, 1957.

Mr. *William Rubin* argued the cause for the appellant.

Mr. *David Stoffer* argued the cause for the respondents (*Messrs. Stoffer and Jacobs,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J.   This is an appeal by the City of Bayonne from the judgment of the Law Division of the Superior Court holding invalid certain of its ordinances which were designed to withdraw the city from the operation of chapter 146 of the *Laws of* 1956, *N. J. S.* 2A:42–56 to 73, previously adopted by the city, and to provide an independent system of municipal rent control different from that prescribed by the state enactment.   We certified this appeal on our own motion pursuant to *R. R.* 1:10–1(*a*) along with the appeal in *Wagner v. Mayor, etc., of City of Newark,* see 24 *N. J.* 467.

The factual circumstances in this case are substantially different from those presented in the *Newark* case (*Wagner v. Mayor, etc., of City of Newark, supra*).   On June 19, 1956 the City of Bayonne adopted an ordinance regulating and controlling rental housing accommodations within its boundaries, to take effect on July 1, 1956, upon the termination of the controls provided by the State Rent Control Law of 1953, *L.* 1953, *c.* 216, as amended and supplemented, *N. J. S.* 2A:42–14 *et seq.*   The ordinance was to continue in effect until January 2, 1957.

Immediately following the adoption of its rent ordinance, the city then authorized the filing of a petition on its behalf with the Legislature seeking the enactment of a special state law permitting the continuation of rent control within Bayonne.   The Legislature then passed *chapter* 146 of the *Laws of* 1956 authorizing Bayonne, Newark and 33 other municipalities "to adopt, make, amend, repeal and enforce ordinances to provide for the regulation of rentals and possession of housing space" in a manner similar to the regulation provided for under the State Rent Control Law of 1953, *supra,* and in effect on June 30, 1956, except that

landlords were to be given an increase in such rents of 15% to 20% depending on the class into which their properties fell. In conformity with *Article* IV, *Section* VII, *paragraph* 10 of the *Constitution of* 1947, relating to special laws regulating the internal affairs of municipalities, which provides:

"* * * Such law shall become operative only if it is adopted by ordinance of the governing body of the municipality or county or by vote of the legally qualified voters thereof * * *,"

*chapter* 146 was not to become operative in any of the municipalities concerned until adopted by ordinance of the governing body of the municipality.

Pursuant to the provisions of *chapter* 146, the Board of Commissioners of the City of Bayonne passed an ordinance on August 21, 1956 adopting the special state law. Then, by ordinance of September 18, 1956, they amended and supplemented the city rent control ordinance passed on June 19, 1956 so as to make it conform to the requirements of *chapter* 146 of the *Laws of* 1956, *supra*. This ordinance of September 18, 1956 expressly states:

"In the event any provisions of the Bayonne Rental Control Ordinance of 1956 are in conflict with the provisions of Chapter 146 of the Laws of 1956, then the provision of Chapter 146 of the Laws of 1956 shall prevail."

The defendant indicates that after the adoption of the state special law, *L.* 1956, *c.* 146, the local rent office in Bayonne was besieged by thousands of tenants complaining of the fact that they had received from their landlords notices of eviction and offers of new tenancies with increased rents of 15% to 20%, and that the urgent appeals of these tenants were that they were unable to pay such increases and, if evicted, would have no place to live. The defendant further indicates that this situation made it apparent that by adopting *chapter* 146 of the *Laws of* 1956, *supra,* the emergent situation which it had attempted to alleviate had in fact been aggravated.

Thus, on October 29, 1956 the city commissioners adopted two more ordinances—one providing for the repeal of the August 21, 1956 ordinance which adopted *chapter* 146 and the other providing for the repeal of the ordinance of September 18, 1956 which conformed the original Bayonne Rental Control Ordinance of 1956 to the requirements of *chapter* 146—the express intent and purpose of which was "to leave in full force and effect an ordinance as originally adopted on June 19, 1956." These October ordinances provide that:

"All notices heretofore served upon tenants by landlords terminating tenancies and for requiring payment of rent in excess of the lawful rent charged on June 30, 1956 be and the same are hereby invalidated and declared null and void."

This action by the city commissioners provoked the plaintiff landlords and taxpayers of the City of Bayonne into bringing this action in lieu of prerogative writ challenging the validity of these October ordinances.

The issue was brought before the trial court for decision by the motions for summary judgment of both sides. The trial court held that the power of municipalities to pass ordinances for the control of rents and evictions was at least ambiguous and that since municipalities had only those powers expressly granted to it and those which arose necessarily by implication, any ambiguity was to be resolved against the municipality and the power denied. It also held that the Bayonne rent ordinance was inconsistent with the state enactment and therefore was null and void. The trial court held the opinion that *Wagner v. Mayor, etc., of City of Newark,* 42 *N. J. Super.* 193 (*Law Div.* 1956), was "clearly distinguishable" because of the fact that in the *Newark* case the state law was never made operative by city action as it had in this case. (See 42 *N. J. Super.* 193, 203.)

The defendant contends that it had the authority under the existing statutes to deal with the local housing emergency; that the state special law did not preempt the field of rent control nor impair the general police powers of the

municipality; and that the city had the power to rid itself of the operation of the state law by repealing the ordinance making its terms operative.

The plaintiffs contend that rent control was a matter which the Legislature reserved unto itself and not within the general police power of the municipalities, and further, that *chapter* 146 of the *Laws of* 1956 prescribed an exclusive method for the continuance of rent control after the expiration of the 1953 act. They also urge that once the city adopted *chapter* 146 it lacked the power to later substitute another rent control plan; that the Bayonne ordinance must fail because of its conflict with the state laws and because it impairs the constitutional rights of the plaintiffs.

The basic question in this case, as in *Wagner v. Mayor, etc., of City of Newark, supra,* 24 *N. J.* 467 (1957), is whether under the general grant of police power to municipalities, the Legislature has delegated the power to legislate locally with respect to rent control and eviction, or whether the Legislature by its action and expressions has preempted municipal police power in this respect.

[1, 2] What we have said in *Wagner v. Mayor, etc., of City of Newark, supra,* 24 *N. J.* 467 (1957), is of equal force here. A municipality has only those powers which have been granted to it by statute, but we find no room in *R. S.* 40:48–2 for the municipal power to control rents and evictions in emergencies. Furthermore, the exercise of that power would be subject to the limitation that it must not be inconsistent with or prohibited by our Constitution or other statutes. In acting "for the best interests of the people" to "secure reasonable uniformity" in the control of rents within the 35 municipalities concerned, the Legislature has precluded the exercise of any similar power by municipalities in a manner different from that prescribed by *Laws of* 1956, *c.* 146. The Bayonne ordinances adopted on October 29, 1956 had as their purpose the revitalization of the Bayonne rent ordinance of June 19, 1956 and were, therefore, unauthorized and void.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and BURLING—5.

*For reversal*—None.