DREW, Chief Justice.
Appellant, George Victer, and two others were arrested and an information was filed charging them in one count with transportation of explosives on a public highway without a license contrary to § 552.12, Fla.Stat, F.S.A., and in a second count with possession of explosives without a license in violation of § 552.101, Fla.Stat., F.S.A. A jury trial resulted in appellant’s acquittal on the first count and his conviction on the second count. A judgment was entered, the appellant received a three year sentence and thereafter appealed to this Court. On our examination of the record, we transferred the case to the District Court of Appeal, Third District, because of lack of jurisdiction.[1] The District Court affirmed[2], saying, inter alia:
“The statute involved is valid, and not subject to the infirmities suggested by the appellant.”
Now we accept jurisdiction under the constitutional provision authorizing us to review a decision of a district court initially passing upon the validity of a state statute.[3]
We will discuss two points raised here:
(1) whether the statute under which appellant was convicted is valid, and
(2) whether the information filed was sufficient to charge the appellant with a crime.
In accordance with the established doctrine that a court has a duty to refrain from passing on the validity of a statute if the case can be properly decided on another ground,[4] we will consider first the question of the sufficiency of the information. The challenged portion of Count Two of the information is as follows:
“[The appellant and co-defendants] * * * did then and there unlawfully and knowingly have in their possession an explosive without having a license or permit from the State Fire Marshall of the State of Florida as provided by *546 law, to-wit: ‘a chemical compound or mixture having the property of yielding readily to combustion or oxidation upon the application of heat, flame or shock, a better and more particular description of said explosive being to the State Attorney unknown, contrary to Florida Statutes 552.101.”
In Robinson v. State,[5] this Court, speaking through Mr. Justice Ellis, said:
“This provision in the Constitution (‘to demand the nature and cause of the accusation against him’, Decl. of Rights, § 11) was based upon the presumption of innocence, and requires such certainty in indictments and inf or-mations as will.enable an innocent person to prepare for trial, that will furnish the accused with reasonable information of what he is called upon to answer by setting forth the constituent elements of the offense or crime with which he is charged. This provision requires that the accusation shall set forth with reasonable certainty a charge of the crime for which the prisoner is to be tried; the object of the provision being to protect the innocent, not to shield the guilty.”
Judged by this standard, the second count of the information under which the appellant was convicted is sufficient.
We now direct our attention to the constitutional validity of F.S. section 552.101, F.S.A. condemning, as we have heretofore stated, the possession of explosives without having previously secured a license therefor. Appellant’s challenge to this statute is limited to its effect on him under the facts which form the basis of his conviction in this case. As applied to the appellant under these facts, we find no constitutional infirmity in the subject statute. We discern no reason why the Legislature may not lawfully prohibit the possession of explosives of any kind except by those who .have previously procured a license therefor. A decision of whether, as is suggested here, the term “explosives” as used in and defined by the statute may be construed to include everyday household items such as gasoline, kitchen matches, propane gas, etc. is not germane to our decision. Moreover, such possibility does not in itself, render the statute unconstitutional vel non. Nothing said in Locklin v. Pridgeon (1947), 158 Fla. 737, 30 So.2d 102, nor in the cases there cited nor in any of the text quoted by appellant compels a contrary conclusion.
We have considered all of the other points raised by the appellant and find them separately and severally to be without merit.
The decision of the District Court of Appeal is affirmed.
ROBERTS, THORNAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS, J., agrees to conclusion.

. Art. V, See. 4(2) provides inter alia: “The supreme court shall provide for the transfer to the court having jurisdiction of any matter subject to review when the jurisdiction of another appellate court has been improvidently invoked.” F.A.K. 2.1, subd. a (5) (d), 31 F.S.A.

. Victer v. State of Florida, Fla.App., 3rd Dist. (1964) 160 So.2d 727.

. Art. V, See. 4(2), Fla.Const., F.S.A.

. State v. Bruno, Fla. (1958) 104 So.2d 588; P. O. Lissenden Co. v. Board of County Commissioners, 116 So.2d 632; 6 Fla.Jur., Const.Law, § 52 and eases cited therein.

. (1915) 69 Fla. 521, 68 So. 649, Ann.Cas.1917D, 506, L.R.A.1915E, 1215.