212 So.2d 298 (1968)
Gordon A. SMITH, Appellant,
v.
Peter A. PORTANTE, Jr., Thomas J. Lummus and E.B. Leatherman, ex Officio, As Members of the Dade County Jury Commission, Appellees.
No. 36774.
Supreme Court of Florida.
July 2, 1968.
*299 Shutts & Bowen, Herbert L. Nadeau and Karl Vance Hart, Miami, for appellant.
Earl Faircloth, Atty. Gen., T.T. Turnbull and Stephen Marc Slepin, Asst. Attys. Gen., for appellees.
ERVIN, Justice.
This is an appeal from a declaratory decree of the Circuit Court of Dade County, Florida, upholding the constitutionality of Section 40.101, Florida Statutes 1967, F.S.A., which reads as follows:
"(1) In order to gather essential information concerning prospective jurors in advance of the actual impaneling of grand or petit juries, jury commissioners, or county commissioners in those counties not having jury commissioners, are authorized and directed to require the return of mailed questionnaires and to provide self-addressed and ready-stamped envelopes for the purpose. The judicial council of Florida shall devise and promulgate an appropriate questionnaire to be used as provided herein.
"(2) All information gathered by the mailed questionnaires authorized in subsection (1) shall be treated as confidential; provided that questionnaires returned by the persons whose names finally appear on the jury list may be made available to the court and to counsel for use during the voir dire examination."
In the case of Barrow v. Holland (Fla. 1960), 125 So.2d 749, 752, we held:
"* * * It is a well-established rule of constitutional law that an enactment delegating administrative power to an agency of government should define the limits of the power by including in the enactment reasonable standards which enable the affected public to meet the requirements of the enactment. These standards at the same time preclude the exercise of arbitrary power by the enforcement agencies of the government."
In the instant case the "essential information" to be gathered from prospective jurors is not indicated in the language of the Act. The Act does not suggest the nature of the questions to be propounded to the prospective jurors. It provides no objective guidelines or standards for the Judicial Council to follow in formulating and promulgating an appropriate questionnaire. Consequently, the Act on its face represents an unlawful delegation of authority to the Judicial Council and to jury commissioners to propound any question they see fit to prospective jurors.
It well may be that the Act has a laudable object and purpose. Its sponsors, who originated the idea of propounding questions to prospective jurors and promoted its passage by the Legislature, no doubt were sincerely motivated and desired thereby to serve the public good. Unfortunately, however, the general nature of the questions to be propounded is not spelled out in the Act. No matter how laudable a piece of legislation may be in the minds of its sponsors, objective guidelines and standards should appear expressly in the act or be within the realm of reasonable inference from the language of the act where a delegation of power is involved and especially so where the legislation contemplates a delegation of power to intrude into the privacy of citizens.
*300 Conceivably, such an uncircumscribed questionnaire as here contemplated could cover the widest range of inquiries unconnected with traditional voir dire questioning or statutory requisites relating to qualifications of jurors, e.g., such questions might inquire into the prospective juror's political, religious, social and economic views, his marital status, his arrest or conviction record, his financial condition, his educational background, his addiction to alcohol or narcotics, his views on race relations, his views on allowance of damages in certain cases, or his general conduct and habits. Many of such questions could be unnecessarily embarrassing to the citizen who, according to the record here, is admonished on the proposed questionnaire that "You are required by law to promptly answer" and that if he does not he will be guilty of contempt.
For the reasons stated, we hold that Section 40.101, Florida Statutes 1967, F.S.A., is unconstitutional. Accordingly, the decree is reversed.
It is so ordered.
CALDWELL, C.J., THOMAS and THORNAL, JJ., and SPECTOR, District Court Judge, concur.
ADAMS, J., dissents with Opinion.
DREW, J., dissents and concurs with ADAMS, J.
ADAMS, Justice (dissenting):
We have an appeal here from a declarative decree holding constitutional Chapter 67-2199, Laws of Florida, 1967 Special Session. The act in question reads:
"An act relating to jury lists; amending chapter 40, Florida Statutes, by adding section 40.101 authorizing the use of mailed questionnaires; providing an effective date.
"Be It Enacted by the Legislature of the State of Florida:
"Section 1. Chapter 40, Florida Statutes, is amended by adding section 40.101 to read:
"40.101 Use of mailed questionnaires. 
"(1) In order to gather essential information concerning prospective jurors in advance of the actual impanelling of grand or petit juries, jury commissioners, or county commissioners in those counties not having jury commissioners, are authorized and directed to require the return of mailed questionnaires and to provide self-addressed and ready-stamped envelopes for the purpose. The judicial council of Florida shall devise and promulgate an appropriate questionnaire to be used as provided herein.
"(2) All information gathered by the mailed questionnaires authorized in subsection (1) shall be treated as confidential; provided that questionnaires returned by the persons whose names finally appear on the jury list may be made available to the court and to counsel for use during the voir dire examination.
"Section 2. This act shall take effect September 1, 1967."
The first attack upon the act is that it violates Article III, Section 16, of the Florida Constitution, F.S.A. in that the title fails to provide adequate notice that the jury commissioners are authorized and directed to require the return of mailed questionnaires by all prospective grand or petit jurors.
It is quite obvious that this act related one subject only, and that was qualification of jurors. In no sense was the title deceptive or misleading. It met the requirements of Section 16, Article III, Florida Constitution. See King Kole, Inc. v. Bryant, et al, 178 So.2d 2 (Fla. 1965).
The second question is whether the act is so vague, indefinite and uncertain and lacking in sanctions as to render it unconstitutional.
*301 Appellant relies upon our statement in Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102, 104 (Fla. 1947):
"If the enactment is so uncertain that the court is unable to determine with any reasonable degree of certainty, what the legislature intended, or it is so incomplete that it cannot be executed, there is no other course open but to condemn it as void for uncertainty. State ex rel. Husting v. Board of State Canvassers, 159 Wis. 216, 150 N.W. 542, Ann.Cas. 1916D, 159."
There are many other authorities cited, however, the above rule is quite sufficient. The real labor upon us is applying the rule to this statute.
The law has long been settled that the court will not declare a legislative act unconstitutional unless convinced beyond a reasonable doubt that the act is deficient in meeting constitutional requirements. We must be able to discern and point out wherein the act contravenes some express part of the Constitution before we will hold it bad. In its policy and wisdom we have no part. If we have doubts of its place and purpose, our judgment must yield in favor of the act. See Knight & Wall Co. v. Bryant, et al., 178 So.2d 5 (Fla. 1965).
We find the act here complete in itself, designed for a good purpose and its application vested in lawfully created bodies, namely jury commissions, county commissioners and the Florida Judicial Commission. These lawfully created agencies are charged with the duty of rendering a very necessary and beneficial service to the judiciary of Florida.
We find no constitutional prohibition against the act. As for the want of sanctions, when a prospective juror's name is drawn for jury duty the trial court has inherent power to meet any and all exigencies to enforce compliance of duty on the part of jurors and prospective jurors.
In reaching this conclusion we are not at this time called upon to pass upon the questionnaire regarding its form or substance. We are in accord with the conclusion reached by the trial court that this questionnaire goes to those prospective jurors immediately after their names are drawn. Failure to return same in no way relieves the prospective juror from answering the court's summons for jury duty. His answer to the inquiry, however, may aid the court and litigants in procuring a jury as well as the court in empanelling grand juries.
DREW, J., concurs.