## FLEETWOOD HOTEL, Inc., et al v. CITY OF MIAMI BEACH.
### No. 69-17689.
Circuit Court, Dade County.

May 5, 1970.

Stephen H. Cypen and Irving Cypen, both of Miami Beach, and Dubbin, Schiff, Berkman & Dubbin, Miami, for plaintiffs.

Joseph A. Wanick, City Attorney, and Tobias Simon, Miami, for defendant.

JACK A. FALK, Circuit Judge.

*Final summary judgment:* This cause came on for hearing on plaintiffs' motion for summary judgment. The court having considered the pleadings (including the defendant's motion for summary judgment), the argument of counsel and being otherwise fully advised in the premises, finds that the question whether an emergency existed in the city of Miami Beach either at the time of the enactment of ordinance no. 1791 (the "rent control ordinance"), or at this time, is not before the court. The court further finds that the plaintiffs have waived their objection to the validity of the enactment of the rent control ordinance with respect to the three readings required by the charter of the city of Miami Beach. (The court has allowed to be placed in the record ordinance no. 1791 as subsequently re-read three times by the city council of the city of Miami Beach.)

The court finds that the only issues before it are the following —

Whether the city of Miami Beach has the power to enact a rent control ordinance.

Whether the ordinance amounts to an unlawful delegation of the legislative authority of the city council of the city of Miami Beach.

Whether the ordinance conflicts with state law, particularly chapter 83, Florida Statutes.

As to the first issue, the court concludes that a city has no inherent police power other than that which is specifically delegated to it. Perry Trading Co. v. City of Tallahassee, 128 Fla. 424, 174 So. 854 (1937). Moreover it is the conclusion of the court that the weight of authority is that under the circumstances, the city of Miami Beach does not have the power (either incident to its specific powers or under its "general welfare" powers) to enact a rent control ordinance. See Tietjens v. City of St. Louis, 222 S. W. 2d 70 (Mo. 1949); Old Colony Gardens v. City of Stamford, 147 Conn. 60, 156 A. 2d 515 (1959); Wagner v. City of Newark, 24 N.J. 467, 132 A. 2d (1957); and, Grofo Realty Co. v. City of Bayonne, 24 N.J. 482, 132 A. 2d 802 (1957).

The only cases where such legislation has been upheld are distinguishable from the foregoing in that the city charters in those cases gave to those particular cities the specific power to act to the same extent as the state in the area of rent control. Heubeck v. City of Baltimore, 107 A. 2d 99 (Md. 1954) and Warren v. City of Philadelphia, 382 Pa. 380, 115 A. 2d 218 (1955). The city of Miami Beach charter does not grant it such power and neither article VIII, §2 of the 1968 Florida Constitution nor chapter 69-33, Laws of Florida, give the city of Miami Beach the power to enact rent control legislation.

As to the second issue, the ordinance does not contain objective guidelines and standards for its enforcement by the "city rent agency," nor are such guidelines and standards within the reasonable inference from the language of the ordinance. Smith v. Portante, 212 So.2d 298 (Fla. 1968).

As to the third issue, portions of the ordinance conflict with state law, particularly §§83.03, 83.04, 83.06 and 83.20, Florida Statutes. Ordinances are subordinate to the laws of the state, and if in conflict therewith, the ordinance must fall. City of Wilton Manors v. Starling, 121 So.2d 172 (Fla. 2d Dist. 1960). The sections of the ordinance which are invalid because of conflict with state law render the remainder of the ordinance invalid because it would not be complete without them and would also cause results not

194

contemplated by the city council. Cf., Heubeck v. City of Baltimore, supra, and Burton v. City of Hartford, 114 Conn. 80, 127 A. 2d 251 (1956).

In sum, the court concludes that the city of Miami Beach does not have the power to enact a rent control ordinance; that the ordinance amounts to an unlawful delegation of legislative authority by the city council of the city of Miami Beach; and that the ordinance conflicts with state law.

The court finds that there is no genuine issue as to any material fact and that the plaintiffs are entitled to judgment as a matter of law.

It is thereupon ordered and adjudged that —

Plaintiffs' motion for summary judgment is granted and ordinance no. 1971 is declared unconstitutional, invalid and of no force and effect.

The temporary injunction entered by this court on November 4, 1969, is made permanent and the city of Miami Beach, its agents and employees are enjoined from enforcing ordinance no. 1791, commonly known as the rent control ordinance.

The temporary injunction bond heretofore posted by plaintiffs is discharged and the principals and surety thereon are released from any liability whatsoever.

The court reserves ruling on the taxing of costs.