Curtis A. Golden State Attorney Milton
QUESTIONS:
1. What authority does a law enforcement officer have to direct the administration of a blood test for the purpose of drug analysis under s. 322.261, F. S.?
2. Would a hospital or its personnel be liable if it acted at the arresting officer's request to withdraw blood for drug analysis?
SUMMARY:
A law enforcement officer does not have the statutory authority to request a blood sample for purposes of a drug analysis pursuant to s. 322.261, F. S. Hospitals and hospital personnel have no statutorily granted immunity from liability if they acted at the arresting officer's request to withdraw blood for drug analysis.
AS TO QUESTION 1:
Pursuant to s. 316.193(1), F. S., the Legislature has proscribed the following activity:
 . . . for any person who is under the influence of alcoholic beverages, model glue, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual and physical control of any vehicle within this state.
Said activity is punishable by a fine or imprisonment. Furthermore, any person with a blood alcohol level of 0.10 percent or above is prohibited from driving or being in actual physical control of a vehicle. See s. 316.193(3), F. S. The latter offense is punishable by a lesser range of imprisonment or fine.
Your question refers to s. 322.261, F. S., commonly referred to as the `Implied Consent Law,' which provides that any person accepting the privilege of driving a motor vehicle in this state shall be deemed to have given his consent to submit to an approved chemical test of the alcohol content of his blood if he is lawfully arrested for any offense committed while driving a motor vehicle under the influence of alcoholic beverages. Section 322.261(2)(a), authorizes the arresting police officer to direct medical personnel to test only for alcoholic content of the driver's blood. And, s. 322.261(2)(b) operates to empower the listed medical personnel to withdraw blood only for purposes of alcoholic content testing. The statutory section provides that the driver may refuse to submit to such tests but such refusal may result in a suspension of his driving privileges.
The Implied Consent Law is a penal statute and must be subjected to strict construction and should not be extended by interpretation. Brown v. Watson, 156 So. 327 (Fla. 1934); Locklin v. Pridgeon, 30 So.2d 102 (Fla. 1947). The statutory language does not extend to blood tests for the determination of influence of model glue or controlled substances. When a statute enumerates the things upon which it is to operate, it must be construed as excluding from its operation all those not expressly mentioned therein. Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). Thus, although s. 316.193(1), F. S., prohibits drivers' being under the influence of alcohol, model glue, and controlled substances, blood tests are only authorized for determining alcoholic content thereof.
Your first question, is, accordingly, answered in the negative.
AS TO QUESTION 2:
Section 322.261(2)(c), F. S., specifically prescribes that the test for alcoholic content is to be administered at the direction of the arresting officer. And s. 322.261(2)(b) authorizes the listed medical personnel to act on such direction to withdraw blood only to determine alcoholic content.
Section 322.261(2)(e), F. S., provides as follows:
 (e) No hospital, clinical laboratory, medical clinic, or similar medical institution or physician, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician shall incur any civil or criminal liability as a result of the proper withdrawal or analysis of a blood or breath specimen when requested in writing by a peace officer.
This statutory section relates to and must be read with the preceding pertinent provisions of s. 322.261, F. S., and thus the immunity from liability relates only to the proper withdrawal or analysis of a blood or breath specimen when requested in writing from the arresting officer for alcoholic content.
Prepared by:
Joseph W. Lawrence II Assistant Attorney General