DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY CZAJKOWSKI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3693

[November 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502011CF002731AXXXMB.

Margaret Good-Earnest and Cherry Grant of Good-Earnest Law, P.A., Lake Worth, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions on fourteen counts of unlawful compensation or reward for official behavior and one count of conspiracy to commit unlawful compensation or reward for official behavior. The defendant primarily argues that section 838.016(1), Florida Statutes (2008), which codifies the crime of unlawful compensation or reward for official behavior, was unconstitutional as applied to him. We disagree with that argument and all other arguments which the defendant raises. Thus, we affirm.

This opinion will address only the constitutional issue. We will begin by detailing the trial court proceedings on that issue. We then will turn to our analysis of that issue with an examination of other statutory provisions, case law, and the plain meaning of section 838.016(1) itself.

*Trial Court Proceedings*

The state's ultimate information alleged the counts for unlawful compensation or reward for official behavior as follows, with various terms substituted as shown:

> [The defendant] on or between [certain dates] . . . did corruptly give [item] to [name], a public servant, a pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance or violation of any act or omission within the official discretion of [name] in violation of a public duty, or in performance of a public duty, as [title of public servant], contrary to Florida Statute 838.016(1) (2 DEG FEL).

Section 838.016(1), Florida Statutes (2008), provides, in pertinent part:

> It is unlawful for any person corruptly to give, offer, or promise to any public servant, or, if a public servant, corruptly to request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. . . .

The defendant's motion to dismiss argued that section 838.016 was unconstitutional as applied to his prosecution in violation of the due process clauses of the Florida Constitution and the United States Constitution. Specifically, the defendant argued that an essential element of section 838.016(1) which the state must prove is that the benefit given to a public servant is "not authorized by law." However, as the defendant noted, the phrase "not authorized by law" is not defined in section 838.016(1), the standard jury instructions, or case law. Thus, the defendant argued, section 838.016(1) is unconstitutionally vague in two respects: (1) it gives no notice of what conduct it forbids; and (2) it encourages arbitrary arrests, prosecutions, and convictions.

The state filed a response to the defendant's motion. In the response, the state argued that section 838.016, coupled with sections 112.313(2) and 112.313(4), Florida Statutes (2008), provided adequate notice of

proscribed conduct and provided law enforcement with sufficient guidance to avoid arbitrary arrests and prosecutions. Section 112.313(2) provides:

> No public officer, employee of an agency, local government attorney, or candidate for nomination or election shall solicit or accept anything of value to the recipient, including a gift, loan, reward, promise of future employment, favor, or service, based upon any understanding that the vote, official action, or judgment of the public officer, employee, local government attorney, or candidate would be influenced thereby.

§ 112.313(2), Fla. Stat. (2008). Further, section 112.313(4) provides:

> No public officer, employee of an agency, or local government attorney or his or her spouse or minor child shall, at any time, accept any compensation, payment, or thing of value when such public officer, employee, or local government attorney knows, or, with the exercise of reasonable care, should know, that it was given to influence a vote or other action in which the officer, employee, or local government attorney was expected to participate in his or her official capacity.

§ 112.313(4), Fla. Stat. (2008).

The trial court denied the defendant's motion to dismiss.

At trial, the state presented evidence that the defendant, through his company and employees, provided gifts to municipal employees with whom the defendant's company was doing business. These gifts included an $8,500 Breitling watch, various hotel accommodations, NASCAR race tickets, a seven-night cruise, and gift cards valued at $100 and $500. The defendant's employees testified that the gift cards' amount was based on the amount of money which the defendant's company was earning from the municipality. The defendant's employees further testified that the defendant instructed them to lie about the $8,500 watch. When one of the employees refused to lie, the defendant became angry and fired that employee. That employee also testified about a conversation he had with the defendant after leaving the NASCAR race for which the defendant provided tickets to a municipal employee:

> STATE: And what did [the defendant] think having invited these people to a NASCAR race what they would be thinking?

WITNESS: . . . It was at the end of a race weekend, and [the defendant] said . . . that "you know after spending a nice weekend like that with their families and attending a nice race weekend . . . on their drive home they would be thinking about how nice it was, and they would remember that when they . . . give us their next PO," or something like that.

STATE: What does "PO" mean?

WITNESS: A purchase order.

STATE: And is that for work that's to be done in the municipality?

WITNESS: Yes, sir.

At the charge conference, the parties brought to the court's attention that the standard jury instruction for section 838.016 referred to the phrase "not authorized by law," but did not define that phrase. *See* Fla. Std. Jury Instr. (Crim.) 19.3.

To address that issue, the state, consistent with its response to the defendant's motion to dismiss, initially requested a special jury instruction based on sections 112.313(2) and 112.313(4). The state ultimately requested a special jury instruction based on only section 112.313(4). Applying section 112.313(4), the state's proposed instruction defined the phrase "not authorized by law" as follows:

"Not authorized by law" means the following: No public officer or employee of a local government shall, at any time, accept any compensation, payment, or thing of value when such public officer or employee knows, or, with the exercise of reasonable care, should know, that it was given to influence a vote or other action in which the officer or employee was expected to participate in his or her official capacity.

In response, the defendant stated that, without waiving his argument that section 838.016's use of the phrase "not authorized by law" was unconstitutionally vague, he agreed with the state that the court should instruct the jury on the element of "not authorized by law" pursuant to section 112.313(4).

4

Based on the parties' positions, the trial court instructed the jury on all fifteen counts by using the definition of "not authorized by law" pursuant to section 112.313(4) stated above.

During the jury's deliberations, the jury returned a note to the court asking the following question: "Is there any addition [sic] information regarding clarification of 'not authorized by law'?" When the court asked for a suggested response, the defendant replied: "Something along the lines of 'we've given you the instruction on the law.'" The state did not suggest a response. The court later responded to the jury: "No, there really isn't [anything] that we can give you."

The jury returned guilty verdicts on all fifteen counts. This appeal followed.

*Appellate Analysis*

The defendant primarily argues that the court erred in denying his motion to dismiss the information on the ground that section 838.016(1) is unconstitutional as applied to him because of the alleged vagueness of its phrase "not authorized by law."

Based on this argument, we must affirm. Our supreme court already has rejected a vagueness challenge to section 838.016(1). *See Hoberman v. State*, 400 So. 2d 758, 758 (Fla. 1981) ("[A]ppellant was convicted of bribery and unlawful compensation for official behavior pursuant to sections 838.015(1) and 838.016(1), Florida Statutes (1977). . . . Appellant's vagueness challenge fails because sections 838.015(1) and 838.016(1) convey a sufficiently definite warning as to the proscribed conduct . . . . ") (citations omitted). Although *Hoberman* does not detail the supreme court's reasoning for its decision, we remain bound by its decision.

On the possibility that we are not bound by *Hoberman* due to its lack of detailed reasoning, we have conducted a de novo review of the trial court's ruling. *See Henry v. State*, 134 So. 3d 938, 944-45 (Fla. 2014) (the determination of a statute's constitutionality and a trial court's ruling on a motion to dismiss are both legal questions subject to de novo review) (citations omitted). Our de novo review has been guided by our supreme court's useful direction in *State v. Brake*, 796 So. 2d 522 (Fla. 2001):

> The rules of statutory construction require a court to resolve all doubts of a statute in favor of its validity, when reasonably possible and consistent with constitutional rights.

5

However, any doubt as to a statute's validity that is raised in a vagueness challenge should be resolved in favor of the citizen and against the state.

In order for a criminal statute to withstand a void-for-vagueness challenge, the language of the statute must provide adequate notice of the conduct it prohibits when measured by common understanding and practice. The language of a statute must provide a definite warning of what conduct is required or prohibited, measured by common understanding and practice.

As this Court explained in [*State v.*] *Wershow,* [343 So. 2d 605 (Fla. 1977)],

> The requirements of due process of Article I, Section 9, Florida Constitution, and the Fifth and Fourteenth Amendments to the Constitution of the United States are not fulfilled unless the Legislature, in the promulgation of a penal statute, uses language sufficiently definite to apprise those to whom it applies what conduct on their part is prohibited. It is constitutionally impermissible for the Legislature to use such vague and broad language that a person of common intelligence must speculate about its meaning and be subjected to arrest and punishment if the guess is wrong.

343 So. 2d at 608.

Additionally, the statute must define the offense in a manner that does not encourage arbitrary and discriminatory enforcement. A statute may be worded so loosely that it leads to arbitrary and selective enforcement by vesting undue discretion as to its scope in those who prosecute.

However, the legislature's failure to define a statutory term does not in and of itself render a penal provision unconstitutionally vague. In the absence of a statutory definition, it is permissible to look to case law or related statutory provisions that define the term. Further, where a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense.

6

In other cases where the exact meaning of a term was not defined in a statute itself, we have ascertained its meaning by reference to other statutory provisions, case law, or the plain and ordinary meaning of a word of common usage.

796 So. 2d at 527-28 (other citations and quotation marks omitted).

Applying our supreme court's guidance here, we conclude that although section 838.016(1)'s use of the phrase "not authorized by law" is not defined in the statute itself, its meaning can be ascertained by reference to other statutory provisions, case law, and the plain and ordinary meaning of its words of common usage. We address each below.

*1. Other Statutory Provisions*

Two statutory provisions may be used to define what constitutes a benefit "not authorized by law," as that phrase is used in section 838.016(1).

First, section 112.313(2), Florida Statutes (2008), provides:

No public officer, employee of an agency, local government attorney, or candidate for nomination or election shall solicit or accept *anything of value* to the recipient, including a gift, loan, reward, promise of future employment, favor, or service, *based upon any understanding that the vote, official action, or judgment of the public officer, employee, local government attorney, or candidate would be influenced thereby.*

§ 112.313(2), Fla. Stat. (2008) (emphasis added).

Second, section 112.313(4), Florida Statutes (2008), provides:

No public officer, employee of an agency, or local government attorney or his or her spouse or minor child shall, at any time, accept *any compensation, payment, or thing of value* when such public officer, employee, or local government attorney knows, or, with the exercise of reasonable care, should know, that it was *given to influence a vote or other action in which the officer, employee, or local government attorney was expected to participate in his or her official capacity.*

§ 112.313(4), Fla. Stat. (2008) (emphasis added).

7

The common theme running between sections 112.313(2) and 112.313(4) is that a public officer or employee shall not accept anything of value given to influence the public officer's or employee's vote or other official action. Any such thing is a benefit "not authorized by law."

## 2. Case Law

Two cases are useful in defining the plain meaning of what constitutes a benefit "not authorized by law," as that phrase is used in section 838.016(1) – *State v. Brake*, 796 So. 2d 522 (Fla. 2001), and *State v. Rodriquez*, 365 So. 2d 157 (Fla. 1978). We address each in turn.

### a. State v. Brake

In *Brake*, our supreme court examined a vagueness challenge to the phrase "for other than a lawful purpose," as that phrase was used in section 787.025(2)(a), Florida Statutes (1997):

> A person over the age of 18 who, having been previously convicted of a violation of chapter 794 or s. 800.04, or a violation of a similar law of another jurisdiction, intentionally lures or entices, or attempts to lure or entice, a child under the age of 12 into a structure, dwelling, or conveyance *for other than a lawful purpose* commits a felony of the third degree . . . .

(emphasis added).

The supreme court rejected the vagueness challenge. The court reasoned:

> [W]e conclude that the term "for other than a lawful purpose" can be defined in a manner that . . . resolves any vagueness doubts . . . . [W]e conclude that the dictionary definition of "lawful," i.e., "being in harmony with the law," helps to illuminate the statutory term. . . . Under this interpretation, the statute provides adequate notice of the conduct it prohibits[.]

796 So. 2d at 528-29 (internal citation omitted).

Applying the supreme court's reasoning from *Brake* here, we conclude that the phrase "not authorized by law" also can be defined in a manner

that resolves any vagueness doubts. The Merriam-Webster Online Dictionary defines "authorize" as "to give legal or official approval to or for (something)." *See* www.merriam-webster.com/dictionary/authorized (last checked October 12, 2015). Substituting that definition for the phrase "not authorized by law" within section 838.016(1) results in the following:

> It is unlawful for any person corruptly to give, offer, or promise to any public servant, or, if a public servant, corruptly to request, solicit, accept, or agree to accept, any pecuniary or other benefit *not given legal or official approval*, for the past, present, or future performance, nonperformance, or violation of any act or omission which the person believes to have been, or the public servant represents as having been, either within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty. . . .

Analogous to the supreme court's conclusion in *Brake*, we conclude that the dictionary definition of "authorize" illuminates our understanding of the facts here. When combined with the common theme running between sections 112.313(2) and 112.313(4) – that a public officer or employee shall not accept anything of value given to influence the public officer's or employee's vote or other official action – a person of common intelligence would understand that *providing* gifts to influence the public officer's or employee's vote or other official action also does not have "legal or official approval," in other words, is "not authorized by law."

### b. State v. Rodriquez

In *Rodriquez*, the supreme court examined a vagueness challenge to the phrase "not authorized by law," as that phrase was used in section 409.325(2)(a), Florida Statutes (Supp. 1976):

> Any person who knowingly: (a) (u)ses, transfers, acquires, traffics, alters, forges, or possesses . . . a food stamp . . . In any manner *not authorized by law* is guilty of a crime . . . .

(emphasis added).

The supreme court rejected the vagueness challenge. The court reasoned:

> Implicit in Section 409.325(2)(a), when read in conjunction with the other sections of Chapter 409, is the fact that the

> words "in any manner not authorized by law" refer to state and federal food stamp law.
>
> . . . .
>
> [Thus,] Section 409.325(2)(a) is sufficiently definite to inform the defendants that their conduct in selling non-food items for food stamps was proscribed.

365 So. 2d at 159-60.

In reaching its decision in *Rodriquez,* the supreme court rejected the defendants' reliance on the court's earlier decision in *Locklin v. Pridgeon,* 30 So. 2d 102 (Fla. 1947). In *Locklin,* the supreme court examined a vagueness challenge to the phrase "not authorized by law," as that phrase was used in Chapter 22761, Acts of 1945, Laws of Florida:

> Section 1. That it shall be unlawful for any person to commit any act under color of authority as an officer, agent or employee of the United States government, State of Florida, or any political subdivision thereof when such act is *not authorized by law* . . . .

(emphasis added). The *Locklin* court determined:

> Under the provisions of this Act an officer or employee is just as amenable to prosecution for an act done in good faith, when that act is not specifically authorized by law, as he would be for the commission of an act done with evil intent and wilfully done in violation of law. . . .

30 So. 2d at 103.

However, the *Rodriquez* court found *Locklin* was distinguishable:

> *Locklin* is distinguishable from the case now before us in that the statute involved in *Locklin* was broader than Section 409.325(2)(a) because it prohibited a person from committing "any act under color or authority as an officer . . . when such act is not authorized by law." In the present food stamp cases, however, because of the peculiar nature of the food stamp program, because it is a federal program, and because Chapter 409 gives notice that it is a federal program with federal regulations, we conclude that the Legislature, by the

10

use of the language "not authorized by law," means not authorized by state and federal food stamp law.

365 So. 2d at 159.

Applying the supreme court's reasoning from *Rodriquez* here, we conclude that implicit in section 838.016(1) is the fact that the phrase "not authorized by law" refers to state ethics law, section 112.311 et seq., Florida Statutes (2008). Thus, section 838.016(1) was sufficiently definite to inform the defendant that his conduct in providing gifts to influence public employees' official action – which in turn, caused them to violate sections 112.313(2) and 112.313(4) by accepting things of value given to influence their official action – was "not authorized by law."

### *3. Plain Meaning*

In addition to our plain meaning analysis analogous to *Brake*, we observe that section 838.016(1)'s use of the phrase "not authorized by law" is not novel. When the legislature enacted section 838.016(1) in 1974, it included the phrase "not authorized by law." *See* Ch. 74-383, § 60, at 1253, Laws of Fla. The previous unlawful compensation statute, enacted in 1905, included similar words: "other than those provided by law." Ch. 5416, Laws of Fla. (1905). The fact that the phrase "not authorized by law" and its similar predecessor have existed without challenge for more than a century implicitly suggests that the phrase carries a "plain and ordinary meaning of [words] of common usage." *Brake*, 796 So. 2d at 528. Moreover, the legislature's continued use of the phrase "not authorized by law" in other anti-corruption statutes suggests the legislature maintains confidence in the phrase's plain meaning. *See State v. Flansbaum-Talabisco*, 121 So. 3d 568, 576-77 (Fla. 4th DCA 2013) ("[T]he crime of unlawful compensation has always included the words, 'not authorized by law,' now found in the bribery statute. It appears possible that in 2003, when Florida's anti-corruption statutes were being overhauled and consolidated, the Legislature merely added the 'not authorized by law' language to the bribery statute in an effort to create uniformity between the unlawful compensation and bribery statutes.").

### *Conclusion*

Based on the foregoing, we affirm the trial court's denial of the defendant's motion to dismiss. We also affirm without further comment the defendant's convictions on all other arguments raised in this appeal.

To resolve the issue raised in this appeal for future criminal trials, we suggest that the Supreme Court Committee on Standard Jury Instructions in Criminal Cases consider updating standard jury instruction 19.3 to define the phrase "not authorized by law" using the optional definitions which sections 112.313(2) and 112.313(4) provide.

*Affirmed.*

DAMOORGIAN and CONNER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

12