173 So.2d 702 (1965)
ALLURE SHOE CORPORATION and Corporate Group Service, Inc., Petitioners,
v.
Achilles LYMBERIS and the Florida Industrial Commission, Respondents.
No. 33869.
Supreme Court of Florida.
March 31, 1965.
Rehearing Denied April 28, 1965.
Warren C. Rose of Cosgrove, Rose & Warren, Miami, for petitioners.
Dan G. Wheeler, Jr., Miami, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
THOMAS, Justice.
This is the second appearance of this matter in this court. A history of the injury suffered by respondent, Achilles Lymberis, and the effect of it may be learned by consulting our opinion on rehearing in Fla., 146 So.2d at page 745.
While the case pended on rehearing the claimant Lymberis filed a claim for additional treatment, and he was adjudged incompetent and admitted to South Florida Mental Hospital; after the opinion was released he presented a claim for penalty in the amount of twenty per cent.
*703 In his first order, 21 July 1961, the deputy commissioner had awarded compensation for temporary disability during unemployment and until the date of maximum medical recovery. When this date was fixed by him he had granted compensation for permanent disability. Then, 19 February 1962, there was presented in claimant's behalf a petition for modification of the original order on the grounds that there had been a mistake in the determination of fact with reference to claimant's condition and, also, that his condition had worsened since the entry of the order. The deputy ruled in claimant's favor on both counts and ordered that "all prior permanent partial payments of compensation" be "reclassified as temporary total." Parenthetically, some of the payments had been made while the claimant was an inmate of the State mental hospital. The deputy further ordered the present petitioners to pay a twenty per cent. penalty and held them responsible for additional psychiatric treatment.
Subsequently the claimant made a request for psychiatric and medical care which was granted by the deputy, 13 February 1964. This order was appealed by the petitioners. Meanwhile an appeal had been taken by petitioners also from the order on the petition for modification. The Full Commission then had under consideration the two orders. It was decided that the later one having been entered while the Full Commission had jurisdiction of the cause on appeal from the former order was not within the power of the deputy to enter. This procedure leaves for treatment by us only the validity of the order on modification.
The petitioner's first question is a challenge of the deputy's choice of a physician whose testimony he followed but the record has not convinced us that there was a dearth of respectable, competent, substantial testimony to support the deputy's conclusions. So on this score we must reject the petitioner's argument, potent as it is.
The next question brings into focus Sec. 440.15(9) of Workmen's Compensation Law relative to the compensation payable when the claimant becomes an inmate of a "public institution." The language of the section is devoid of ambiguity and simply provides that when an employee who is "permanently and totally" disabled is put in a public institution, which is not further defined, he shall not receive compensation unless he has dependents, and in that event the compensation shall be paid to them.
It is not established in the record that the claimant was ever totally permanently disabled though it is true that at all times relevant to the present dispute he was an inmate of a "public institution." Whether or not the character of the public institutions to which there is reference in the act should be specified, and whether or not provision should be made for those persons so incapacitated as to require treatment in a state hospital or asylum though only temporarily disabled are strictly matters for the attention of the legislature and not for the courts. The petitioners' chief concern or, as they state it, the real question about this phase of the case, is how and to whom payments could be made when the claimant had been adjudicated incapable of personally conducting his affairs. They suggest that there should be a judicial or quasi judicial determination designating a person to whom payments could be made in order for them to be valid and effectual. They contend that this point and the one with reference to the imposition of a penalty for not making timely payments were questions of law decided adversely by the Full Commission on the ground that the deputy's conclusion was supported by competent substantial evidence. We agree that this was a correct determination of the issue presented by the petition for modification and if we could accept petitioners' interpretation of the order of the Full Commission, we would agree that as applied to these points of law it was inapposite.
*704 It is true that the Commission affirmed on the principle announced in United States Casualty Company v. Maryland Casualty Company, 55 So.2d 741, that a ruling of a deputy commissioner on the facts of a case will be affirmed if his conclusion is supported by competent substantial evidence according with logic. But the Commission went further and held that after considering the cause on the records, briefs and oral argument, the conclusion was reached that the order "should be affirmed on the ground that same accords with the essential requirements of law." Thus the points of law were inclusively resolved.
When the cause was submitted by the petitioners they requested determination not only of the question whether or not a change in the claimant's condition had occurred and a mistake of fact had been made but they asserted that the order to pay compensation to a claimant while he was an inmate of a public institution was a "departure from established law."
We construe the eventual order of the Full Commission as having determined all the points raised, and we conclude that it would not be logical to hold that all of them were encompassed in the one reference to competent substantial evidence. We think the adjudication that the deputy's conclusion was in accord with the essential requirements of law covered the features of the case other than the obvious factual issues of change of condition and mistake of fact.
We comprehend the dilemma in which the petitioners think they find themselves, namely, even if the claimant was but temporarily disabled and payments should be made to him because he was not totally and permanently incapacitated and, further, had no dependents to whom payments of compensation could be made, as was true in this case, there would be a risk in delivering the monies to him since he was actually incompetent. And we are aware of the principle that penal statutes are construed strictly in favor of the person against whom the penalty is imposed, Lollie v. General American Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306.
The respondent in his brief has challenged the petitioners' position with the assertion that it was known to them, or their attorney, that a guardian had been appointed for the claimant.
The attorney for the petitioners asserts that "in order for the employer * * * to obtain a discharge of liability for payment of compensation, it was necessary that some judicial or quasi-judicial determination be made designating the person to whom compensation payments for and on behalf of Achilles Lymberis could be made in order that such payments achieve valid force and effect." Following that statement we are referred to Sec. 440.17, F.S.A.
We turn to the section which we liberally quote: "The commission may require the appointment by a court of competent jurisdiction, for any person who is mentally incompetent * * * of a guardian or other representative to receive compensation payable to such person * * *; provided, however, the commission in its discretion may designate in the compensation award a person to whom payment of compensation may be paid for * * * [an] incompetent, in which event payment to such designated person shall discharge all liability for such compensation. (Italics supplied.)
Treating the two provisions in inverse order, the appointment of a guardian by the Commission is purely discretionary. Whether or not such appointment was requested we are not told. Anyway, the orders do not reflect that such a designation was ever made quasi judicially by the Commission.
As for the first provision, it appears from the record that such an appointment was actually made and furthermore, it appears that counsel for the petitioners learned about it as early as March *705 1962, when there was sent to him a copy of a letter from the attorney for the claimant addressed to the attorney for the Florida Industrial Commission, Workmen's Compensation Division, referring to the then representation of the claimant by his guardian, Mrs. Mary Nicholas, he having been committed to the Florida State Hospital for the Insane. Also in the record is a certified copy of letters of guardianship issued by the County Judge of Dade County appointing Mary Nicholas guardian of Achilles Lymberis 13 February 1962 and recorded the same day.
In the circumstances we cannot agree that any excuse has been shown for failure to make payments or any cogent reason given for our interference with the penalty imposed.
The action of the Full Commission is, therefore, approved and the writ of certiorari is discharged.
DREW, C.J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.