257 So.2d 17 (1971)
STATE of Florida, Appellant,
v.
Malcolm A. LLOPIS, Appellee.
No. 41495.
Supreme Court of Florida.
December 17, 1971.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellant.
J. Leonard Fleet, Hollywood, for appellee.
CARLTON, Justice:
The State of Florida directly appeals from an Order of the Court of Record, Broward County, dismissing an information filed against appellee under authority of Fla. Stat. § 112.313(6), F.S.A., and holding that statute unconstitutional. Our jurisdiction vests under Article V, Section 4(2), Florida Constitution, F.S.A. We affirm.
After the indictment of appellee by the Broward County Grand Jury, the following information, given here in pertinent part only, was filed against him:
"The Grand Jurors of the State of Florida, inquiring in and for the County of Broward, State of Florida, upon their oaths do present that MALCOLM A. LLOPIS on the 10th day of February in the year of our Lord One Thousand Nine Hundred and Seventy-one, in the County of Broward, State of Florida, *18 while an employee of a city of the State of Florida, to-wit: employed as an Inspector by the City of Tamarac, did then and there knowingly and unlawfully accept other employment which might impair his independence of judgment in the performance of his public duties, to-wit: employment as a watchman by B & B Construction Co. of Ohio, Inc., an Ohio Corporation authorized to do business in the State of Florida, and engaged in construction within the said City of Tamarac on said date, against the form of the statute in such case pursuant to Sec. 112.313(6) of the Florida Statutes, made and provided to the evil example of all others in the like case offending, and against the peace and dignity of the State of Florida."
After pleading "not guilty" to the charge levied against him, appellee moved for a dismissal of the information on the ground that Fla. Stat. § 112.313(6), F.S.A. was unconstitutional as a matter of law. The statute provides:
"(6) No officer or employee of a state agency, or of a county, city, or other political subdivision of the state, or any legislator or legislative employee shall accept other employment which might impair his independence of judgment in the performance of his public duties." (Emphasis supplied.)
The Court of Record, the Honorable William C. Johnson, Jr., presiding, granted the motion to dismiss and directed that appellee be discharged from custody with a release of sureties on his bond. This appeal followed.
While we acknowledge a special sympathy for legislation of this nature, which is intended to safeguard the public and insure honesty and integrity in government, our sympathy cannot be allowed to impair our judgment. This statute is vague beyond redemption. The following language from Judge Johnson's Order meets with our approval:
"The law of Florida is well settled that statutes penal in nature must be strictly construed according to the letter thereof. Ex parte Bailey, [39 Fla. 734,] 23 So. 552 (Fla. 1897); Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962), reh. den. Moreover, such penal statutes are to be strictly construed in favor of the person against whom the penalty is sought to be imposed. Allure Shoe Corp. v. Lymberis, 173 So.2d 702 (Fla. 1965), reh. den. Such stricture thereby places a correlative duty upon our legislators to use clear, unambiguous language in the body of every statute penal in nature.
"When exercising its power to declare an offense punishable, the Legislature must inform our citizens with reasonable precision what acts are prohibited. There must be provided an ascertainable standard of guilt, a barometer of conduct must be established, so that no person will be forced to act at his peril. Cramp v. Board of Public Instruction of Orange County, Florida, 368 U.S. 278, 7 L.Ed.2d 285, 82 S.Ct. 275; Locklin v. Pridgeon, [158 Fla. 737], 30 So.2d 102 (Fla. 1947); State [ex rel. Lee] v. Buchanan, 191 So.2d 33 336 (Fla. 1966). The determination of a standard of guilt cannot be left to be supplied by courts or juries. Id. [30 So.2d] at page 103. Nor can the Legislature predicate a crime on future acts or contingencies or on the taking place of some future act. Kelly v. State, ex rel. Rosowsky, 55 So.2d 561 (Fla. 1951).
"In the very well reasoned opinion of Brock v. Hardie [114 Fla. 670], 154 So. 690 (Fla. 1934), our Supreme Court, in the language set out below, presented guidelines for testing the constitutional validity of a Florida statute under a question of vagueness:
`... Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their *19 part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in Cline v. Frink Dairy Co., 274 U.S. 445, [47 S.Ct. 681, 71 L.Ed. 1146], 1927, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."
`Such seems to be the test approved by the Supreme Court of the United States. Citation of authorities as to what may be considered the exact meaning of the phrase "so vague that men of common intelligence must necessarily guess at its meaning," so that certain conduct may be considered within or outside the true meaning of that phrase, or what language of a statute may lie within or without it, would be of little aid to us.
`We must apply our own knowledge with which observation and experience have supplied us in determining whether words employed by the statute are reasonably clear or not in indicating the legislative purpose, so that a person who may be liable to the penalties of the act may know that he is within its provisions or not.'
"The foregoing guidelines were deemed to be controlling in State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966) wherein former Florida Statute 72.40(2) (a) was declared unconstitutionally vague. Said the Court, at page 37:
`... As apt today as when pronounced is the observation of the court in United States v. Reese, 1876, 92 U.S. 214, 23 L.Ed. 563, "It would certainly be dangerous if the Legislature could set a net large enough to catch all possible offenders and leave it to the courts to step inside and say who could be rightfully detained and who could be set at large. This would, to some extent, substitute the Judicial for the Legislative Department of Government."'
"Under the language of F.S. 112.313(6), who is to say what employment will, in fact, impair the independence of judgment of a person described in the statute? What is the barometer, or ascertainable standard of conduct over which reasonable men of common intelligence are not required to guess at its meaning? The imposition of such liability violates the very fundamental precepts of due process, Locklin v. Pridgeon [158 Fla. 737], 30 So.2d 102 (Fla. 1947); Headley v. State [ex rel. Selkowitz], 163 So.2d 13 (Fla. 1964) reh. den.; Headley v. Selkowitz, 171 So.2d 368 (Fla. 1965) reh. den. Webster's Seventh New Collegiate Dictionary, 1970, at page 537, defines `might' in a variety of terms, among them `possibility' and `probability'.
"The foregoing considered, the Defendant having properly raised the sole issue of the constitutionality of Fla. Stat. 112.313(6), the Court finds it has no alternative but to find Section (6) of said statute to be inoperative for reason that it is unconstitutionally vague, thereby violating Florida's Declaration of Rights and the Fourteenth Amendment of the United States Constitution."
In order that the Legislature should be given as much time as possible to consider a substitute enactment for Fla. Stat. § 112.313(6), F.S.A., the litigants have waived argument and we have expedited our disposition of this cause.
The Order appealed from is affirmed.
It is so ordered.
ROBERTS, C.J., and ERVIN and DEKLE, JJ., concur.
BOYD, J., dissents.