QUESTION:
May an individual serve at the same time in the following capacities under the Standards of Conduct Law, ss.112.311-112.318, F.S.: Member of a county planning advisory board and the state condominium commission, executive assistant to a United States Congressman, and director of a state bank?
SUMMARY:
Under the Standards of Conduct Law, ss. 112.311-112.318, F.S., an individual may serve at the same time as a member of a county planning advisory board and the state condominium commission, as executive assistant to a United States Congressman, and as director of a state bank. A sworn statement disclosing the bank directorship interest should be filed.
The provisions of the Standards of Conduct Law which might be applicable here are ss. 112.313(2) and (4) and 112.314(1) and (2), F.S. Section 112.313(6), id., prohibiting a public officer or employee from accepting other employment that might impair his independence of judgment in the performance of his public duties, was invalidated by the Florida Supreme Court in State v. Llopis,257 So.2d 17 (Fla. 1971), for the reason that, as a criminal statute, it was unconstitutionally vague and uncertain.
Section 112.313(4), supra, prohibits a state or local governmental officer or employee from accepting employment or engaging in any business or professional activity "which he might reasonably expect would require or induce him to disclose confidential information acquired by him by reason of his official position." As noted in AGO 073-13, this particular provision of the law "appears to place some responsibility for resolving the question upon the officer or employee himself — presumably because he is in the most advantageous position to do so." Accord: Attorney General Opinion 073-428. However, it is not immediately apparent that this particular provision has any application in the circumstances here.
Section 112.314(2), supra, prohibits personal investments in any "enterprise" which will create a substantial conflict between the officer's or employee's public and private duties. Your position as a director in a state bank does not appear to create a substantial conflict with your public duties as a member of the state and county agencies in question. Cf. AGO 073-94, ruling that a district school board member could serve as a bank director. However, your directorship is an interest within the purview of s. 112.314(1), id., prohibiting a public body from engaging in a business transaction with a business entity in which a member of the public body has an interest as officer, director, agent, member, or owner of a controlling interest (defined as 10 percent or more). Attorney General Opinion 073-94, supra; AGO 073-160. Thus, these state and county agencies could not borrow money from or engage in any other business transaction with the state bank which you serve as a director, although public funds could be deposited in the bank if it is a qualified depository, as authorized by ss. 18.10, 136.02, and 659.24, F.S. Attorney General Opinions 073-94 and 073-160, supra; AGO 072-272.
Your directorship in the bank is also an interest in a business entity which is subject to regulation by the state and, as such, must be disclosed in a sworn statement filed in accordance with the requirements of s. 112.313(2) supra.
I have also considered the question of whether the dual-office prohibition of the 1968 Constitution, Art. II, s. 5, would be violated by your serving as a member of the state and county agencies in question at the same time. This constitutional provision expressly excepts from its prohibition a member of a "statutory body having only advisory powers." One of the agencies mentioned is designated as a county "advisory" board; and if it, in fact, has only advisory powers, you could validly serve as an officer of both the state and the county agencies in question. Attorney General Opinion 073-47.
Nor would your position as executive assistant to a United States Congressman be within the purview of the provision of this section prohibiting an individual from holding "any civil office of emolument under the United States" at the same time as an "office of honor or of emolument under the government of this state," as it appears to be a position of employment as distinguished from an office. Cf. AGO 053-279, Biennial Report of the Attorney General, 1953-1954, p. 26, ruling that a deputy United States Marshal was a mere appointee, subject to removal by the marshal, and thus did not hold an office under the Government of the United States within the meaning of the 1885 constitutional dual-office prohibition.
The common-law rule of incompatibility, which is still in effect in this state, has also been considered. As noted in AGO 070-46, a person should not hold two positions in the public service, the duties of which clash or where one is subordinate to the other and subject to his supervision and control. This rule is clearly not applicable to your several positions in the public service.