QUESTION:
May a deputy tax assessor serve as an elective member of a county school board?
SUMMARY:
As a deputy tax assessor is an employee rather than an "officer," he may serve simultaneously as an elected school board member without violating the dual office prohibition, Art. II, s. 5, State Const. Nor are the duties of the two positions in the public service in conflict within the purview of the Standards of Conduct Law, ss. 112.311-112.318, F.S., and the common-law rule of incompatibility.
Your question is answered in the affirmative.
Article II, s. 5(a), State Const., prohibits dual office holding under state, county, or municipal governments. The position of elected member of a county school board is clearly an "office" within the purview of that constitutional provision. Attorney General Opinion 071-280. Therefore, the important consideration is whether the position of deputy tax assessor is also an office, or merely a position of employment to which the dual officeholding prohibition does not apply. Attorney General Opinion 073-332.
The State Constitution does not define office or offices, but, as interpreted by the Florida Supreme Court,
"The term "office" implies a delegation of a portion of sovereign power to, and the possession of it by, the person filling the office, while an employment does not comprehend a delegation of any part of the sovereign authority. The term office embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract." [State v. Sheats, 83 So. 508 (Fla. 1919)].
Attorney General Opinion 071-263 holds that an assistant state attorney is not an officer for the purposes of Art. II, s. 5(a), State Const. Likewise, in AGO 069-5, it was ruled that an assistant public defender did not have the status of a government officer. These previous opinions were based primarily on the statutory description of the respective positions involved and are in accord with the general rule that the constitutional prohibition against dual officeholding does not apply to those persons who are not invested with official powers in their own right, but merely exercise certain powers as the agents of government officers. Attorney General Opinion 069-2. Such appears to be the situation with regard to deputy tax assessors in your office. Although they are entitled "deputy tax assessors," I assume they perform largely the ministerial duties of assistants rather than the substitute functions of a true deputy. See Blackburn v. Brorein, 70 So.2d 294 (Fla. 1955). Therefore, I am of the opinion that the position of deputy tax assessor is not within the purview of Art. II, s. 5(a), State Const., and that service by a deputy tax assessor on a county school board would not violate that constitutional provision.
There still remains, however, the question of whether such service would violate provisions of the Standards of Conduct Law, ss.112.311-112.318, F.S. Section 112.313(6) of the act formerly prohibited a public official from accepting a position of employment which might impair his independence of judgment in the performance of his public duties. Even assuming for the purposes of argument that an individual's employment as a deputy tax assessor would generate a conflict with his duties as a county school board member, the provision in question was invalidated in State v. Llopis, 257 So.2d 17 (Fla. 1971). However, the common-law rule prohibiting the holding of two incompatible positions in the public service still has life in this state. Disqualifying incompatibility under that rule lies in a conflict between the duties and functions of two public employments or positions, as "where the duties clash, inviting the incumbent to prefer one obligation over the other." Attorney General Opinion 070-46. Applying this definition, I do not perceive any significant clash between the respective duties of deputy tax assessor and county school board member which would constitute a violation of the common law.
The only other provision of the Standards of Conduct Law that might be applicable here is s. 112.313(4), F.S. This section prohibits a public officer or employee from accepting employment or engaging in any professional activity "which he might reasonably expect would require or induce him to disclose confidential information acquired by him by reason of his official position." The language of the statute appears to place some responsibility for resolving this question upon the officer or employee himself — presumably because he is in the most advantageous position to do so. However, it does not appear foreseeable that the duties of a deputy tax assessor are such as would "require or induce" the disclosure of confidential information acquired by him in carrying out his official duties as a member of the school board.