308 So.2d 32 (1975)
STATE of Florida, Appellant,
v.
Mel J. DINSMORE, Appellee.
Nos. 44802, 44883, 45202.
Supreme Court of Florida.
January 29, 1975.
*33 Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellant.
Allen P. Allweiss of Allweiss & Anderson, St. Petersburg, for appellee.
ROBERTS, Justice.
This cause is before us on consolidated direct appeals from orders of the County Court of Pinellas County holding Sections 112.313(2), 112.314(1),[1] and 839.07, Florida Statutes, to be unconstitutional for varying reasons. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellee while mayor of the city of Pinellas Park was found by the Grand Jury to have actively concealed his business interest in a business subject to regulation by the municipality of which he was mayor. Separate indictments were handed down charging the appellee with failure to file a sworn statement of disclosure of a business interest contrary to Section 112.313(2), Florida Statutes, which is the subject of the appeal in Case No. 44,802; unlawful interest in a public contract contrary to Section 112.314(1), Florida Statutes, which is the subject of the appeal in Case No. 44,883; and unlawful interest in a public contract in violation of Section 839.07, Florida Statutes, which is the subject of appeal in Case No. 45,202.
Relative to Case No. 44,802 (failure to file a sworn statement of disclosure), appellee on November 14, 1973, filed a motion to dismiss the indictment against him on the grounds that Section 112.313(2), Florida Statutes, is unconstitutionally vague, indefinite and violates defendant's due process rights; that said statute does not adequately inform the defendant or others with reasonable precision as to what acts are prohibited; that said statute does not provide an ascertainable standard of *34 guilt in that the statute does not provide any specific date or time in which the defendant would be obligated to file the sworn statement referred to in the indictment; and that the statute upon which the indictment is based predicates the commission of a crime upon the taking place of some future act. The trial court granted the motion to dismiss and held that Section 112.313(2), Florida Statutes, which provides:
"(2) If an officer or employee of a state agency, or of a county, city, or other political subdivision of the state, or any legislator or legislative employee is an officer, director, agent, or member of, or owns a controlling interest in any corporation, firm, partnership, or other business entity which is subject to the regulation of, or which has substantial business commitments from any state agency, county, city, or other political subdivision of the state, he shall file a sworn statement disclosing such interest with the department of state, if he is a state officer or employee, or if he is an officer or employee of a county, city, or other political subdivision of the state he shall file the sworn statement with the clerk of the circuit court of the county in which he is principally employed."[2]
is unconstitutionally vague and indefinite, specifically stating:
"However, as our Florida Supreme Court stated in finding sub section 6 of the very same statute (F.S. 112.313) unconstitutional in the case of State v. Llopis, 257 So.2d 17, `While we acknowledge a special sympathy for legislation of this nature, which is intended to safeguard the public and insure honesty and integrity in government, our sympathy cannot be allowed to impair our judgment.' This Court is constrained to find that subsection 2 of F.S. 112.313 is unconstitutionally vague and indefinite because it fails to provide when defendant is required to file a sworn statement. The statute does not provide any specific date or time within which defendant would be obligated to file the required sworn statement and therefore, the defendant would have no way of knowing from a reading of the statute when criminal responsibility would attach by reason of his failure to so file. In plain and simple language there is no way of ascertaining when a crime has been committed. We cannot allow to stand a statute which requires the defendant to perform an act under certain enumerated circumstances but which fails to advise him within what period of time he must perform it nor can this Court provide such an essential missing element for the Legislature."
Appellant-State appeals the order of dismissal to this Court and urges that the trial court erred in declaring Section 112.313(2), Florida Statutes, unconstitutionally vague. Appellant contends that F.S. 112.313(2) is sufficiently explicit that a man of common intelligence would not have to guess at its meaning because it merely requires the filing of a conflict of interest statement. Appellant states that the facts as set forth in the indictment alleged that from December 6, 1972, until October 12, 1973 (date of indictment) appellee did not file a statement disclosing his controlling interest in a business entity subject to regulation by the City of Pinellas Park. Appellant argues that it is implicit in F.S. 112.313(2) that the public official file a conflict of interest statement in conjunction with his taking office. Appellant submits that Section 286.012, Florida Statutes, which provides:
"Voting requirement at meetings of governmental bodies.  No member of any *35 state, county, or municipal governmental board, commission, or agency who is present at any meeting of any such body at which an official decision, ruling, or other official act is to be taken or adopted may abstain from voting in regard to any such decision, ruling, or act, and a vote shall be recorded or counted for each such member present, except when, with respect to any such member, there is or appears to be a possible conflict of interest under the provisions of § 112.311, § 112.313, § 112.314, § 112.315 or § 112.316. In such cases said member shall comply with the disclosure requirements of § 112.313."
clarifies any doubts as to when a public official should file a statement of business interests.
In response to appellant's arguments, appellee relies on State v. Llopis, 257 So.2d 17 (Fla. 1971), to support the order of the trial court. Therein this Court held Section 112.313(6), Florida Statutes, to be unconstitutionally vague opining, inter alia:
"Nor can the Legislature predicate a crime on future acts or contingencies or on the taking place of some future act."
The statute involved therein provided that no officer or employee of state agency, or of county, city or other political subdivision of state or any legislator or legislative employee shall accept other employment which might impair his independence of judgment in performance of public duties.
We agree with the trial court's rationale and reliance on State v. Llopis, supra, as controlling sub judice, and we hold that Section 112.313, Florida Statutes, is unconstitutional. In State v. Llopis, supra, we approved the following language of the trial judge:
"The law of Florida is well settled that statutes penal in nature must be strictly construed according to the letter thereof. Ex parte Bailey, [39 Fla. 734,] 23 So. 552 (Fla. 1897); Reynolds v. Cochran, 138 So.2d 500 (Fla. 1962), reh. den. Moreover, such penal statutes are to be strictly construed in favor of the person against whom the penalty is sought to be imposed. Allure Shoe Corp. v. Lymberis, 173 So.2d 702 (Fla. 1965), reh. den. Such stricture thereby places a correlative duty upon our legislators to use clear, unambiguous language in the body of every statute penal in nature.
"When exercising its power to declare an offense punishable, the Legislature must inform our citizens with reasonable precision what acts are prohibited. There must be provided an ascertainable standard of guilt, a barometer of conduct must be established, so that no person will be forced to act at his peril. Cramp v. Board of Public Instruction of Orange County, Florida, 368 U.S. 278, 83 S.Ct. 275, 7 L.Ed.2d 285; Locklin v. Pridgeon, [158 Fla. 737], 30 So.2d 102 (Fla. 1947); State [ex rel. Lee] v. Buchanan, 191 So.2d 33 336 (Fla. 1966). The determination of a standard of guilt cannot be left to be supplied by courts or juries. Id. [30 So.2d] at page 103. Nor can the Legislature predicate a crime on future acts or contingencies or on the taking place of some future act. Kelly v. State, ex rel. Rosowsky, 55 So.2d 561 (Fla. 1951).
"In the very well reasoned opinion of Brock v. Hardie [114 Fla. 670], 154 So. 690 (Fla. 1934), our Supreme Court, in the language set out below, presented guidelines for testing the constitutional validity of a Florida statute under a question of vagueness:
"`... Whether the words of the Florida statute are sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties is the test by which the statute must stand or fall, because, as was stated in Cline v. Frink Dairy Co., 274 U.S. 445, [47 S.Ct. 681, 71 L.Ed. 1146], 1927, "a statute which either forbids or requires the *36 doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."'"
Relative to Case No. 44,883 (transacting business in his official capacity with a business entity in which he owns a controlling interest contrary to Florida Statutes 112.314(1)), appellee, defendant, filed a motion to dismiss alleging, inter alia, that Section 112.314 is unconstitutionally vague. Holding that Section 112.314(1), Florida Statutes, which provides:
"Additional standards of conduct for officers and employees of state agencies, counties, cities, and other political subdivisions.  (1) No officer or employee of a state agency or of a county, city, or other political subdivision of the state shall transact any business in his official capacity with any business entity of which he is an officer, director, agent, or member or in which he owns a controlling interest."
is overly vague, the trial court dismissed the indictment and stated:
"The Court, therefore, further finds that Section 112.314, Subsection 1 is overly vague insofar as it fails to define with particularity available and possible `any business in his official capacity'; that such vagueness makes it impossible for a person of reasonable intelligence to define or understand the conduct prohibited by the legislature. Further, Subsection 2 of the same section by using the terminology `substantial conflict' fails to state with reasonable particularity the substantial conflict in such and would embarrass and make it difficult for a person of reasonable intelligence to define the conduct prohibited by the legislature. Further, use of the term `controlling interest' is not so vague as to confuse a person of reasonable intelligence for the reason that it is defined by the legislature in 112.321 [112.312], Subsection 3 and though the terminology may not be such as is commonly understood  yet, a person reading and in construing statutes is obligated to accept whatever definitions the legislature places upon them as they have done in this sense.
"As a result of this, the Court does find that the conduct prohibited in 112.314 is not sufficiently stated with particularity and that the sections both one and two must fall as being vague.
"The Court further finds that 112.314 is not overbroad and does meet the necessary constitutional requirements.
"The Court further finds no evidence in any of the statutes that the legislature has acted arbitrarily and capriciously or violated any due process requirements aside from the vagueness of the language used as set forth by the Court.
"The Court further finds no evidence that this defendant's rights to equal protection of the laws under either the Florida or U.S. Constitution have been violated by any of the sections of the statute."
In this order of dismissal, the trial court determined, inter alia, that F.S. 112.314 must be considered together with F.S. 112.316, and in so doing the indictment is defective in failing to allege that defendant's conduct interfered with the full and faithful discharge of his duty to the City of Pinellas Park. Appellant-State also appeals this order of the trial court and urges that the trial court erred in holding the statute unconstitutional.
Florida Statutes 112.316 provides:
"Construction.  It is not the intent of this part, nor shall it be construed, to prevent any officer or employee of a state agency or county, city, or other political subdivision of the state or any legislator or legislative employee from accepting other employment or following any pursuit which does not interfere with the full and faithful discharge by such officer, employee, legislator, or legislative *37 employee of his duties to the state or the county, city, or other political subdivision of the state involved."
Appellant first states that although the trial court found subsections (1) and (2) of F.S. 112.314 to be invalid the only section involved sub judice is subsection (1) since the indictment only charged violation of subsection (1). Appellant contends that the trial court erred in holding the indictment defective for failure to allege that appellee's conduct interfered with the full and faithful discharge of his duty to the City of Pinellas Park. Appellant asserts that the purpose of an indictment is to fairly apprise the defendant of the charge and that to interpret F.S. 112.316 as requiring an indictment to state that the actions forbidden in F.S. 112.314 also must be stated as interfering with the full and faithful disclosure of his duty is distorting the intent of F.S. 112.316. Secondly, appellant contends that F.S. 112.314 is neither vague nor impossible for a person of reasonable intelligence to understand, that the language of this statutory provision is sufficiently explicit to inform persons subject to its provisions what conduct will render them liable to its penalties.
Appellee responds that F.S. 112.316 must be read together with 112.314 in determining the proscribed conduct and that 112.316 adds an essential element of conduct to be alleged and proved. Appellee states that the words "any business in his official capacity" are easy to read but difficult to understand, and cites State v. Llopis, 257 So.2d 17 (Fla. 1971), to support the trial court's order.
We agree with the trial court that the indictment was defective in failing to properly charge the defendant. In view of this ruling, we find that it was unnecessary for the trial court to rule on the constitutional validity of Section 112.314, Florida Statutes, and the language in his order passing on the constitutionality of the statute is expunged. De Jong v. Pallotto, 239 So.2d 252 (Fla. 1970); Mounier v. State, 178 So.2d 714 (Fla. 1965); P.C. Lissenden Co. v. Board of County Commissioners, 116 So.2d 632 (Fla. 1959); Frazier v. Coleman, 156 Fla. 413, 23 So.2d 477 (1945). However, by way of obiter dicta, we have examined the constitutionality vel non of the questioned statute (F.S. 112.314(1)), and find it sufficiently definite, and, therefore, not unconstitutional.
Relative to Case No. 45,202 (unlawful interest in a public contract), on November 14, 1973, appellant filed a motion to dismiss the indictment. After hearing, the trial court entered its order on December 21, 1973, granting appellant's motion to dismiss the indictment in that the indictment was fatally defective in failing to allege that the contract was one in which the City of Pinellas Park, Florida, was a party and further defective in failing to allege that a public work was involved, but allowed the state twenty days in which to amend the charge. On this same date, a direct information was filed curing the above defects. On January 23, 1974, appellant moved to dismiss the information on the ground, inter alia, that the statute under which he was charged (F.S. 839.07) constitutes an unconstitutional violation of due process, and that the conduct proscribed by the statute is not ascertainable. The court granted the motion to dismiss finding the questioned statute overbroad but not vague. This questioned statute provides:
"Officers prohibited from bidding, etc., for public work.  It is unlawful for any commissioned or other officer of this state, or for any officer elected or otherwise of any county or incorporated town or city therein, to bid or enter into, or be in any way interested in, a contract for the working of any public road or street, the construction or building of any bridge, the erecting or building of any house, or for the performance of any other public work in which the said officer was a party to the letting, and any person who violates the provisions of *38 this section shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083."
Specifically, the trial court explained:
"As to point three, the Court finds that the language in the statute `to be interested or be in any way interested in the contract or the work for any public road' is not vague under the Constitution of the United States and the State of Florida, but the Court does find that that language is over broad in that the term `in any way interested in' could very well include conduct which would indicate at best limited relationship of the accused with alleged criminal conduct. The Court would cite specific instances such things as an accused who for instance has a mortgage on a truck which the contractor owns, a bank which has a mortgage on a truck which the contractor is using, a person who is suing the contractor because of a tort, therefore have an interest in what goes on. For these reasons, the Court does find that the statute is unconstitutional for reasons of over broadness; I do not feel that it is vague."
It has long been the policy of this Court, as between two or more possible constructions, to give a statute that interpretation which would support its constitutionality. In that posture, we construe the words "interested in" in the statute sub judice to mean a financial interest, personal to the accused, and not related to the community generally. With that construction, we find the statute to be not unconstitutional, and an indictment or information framed in such a manner would state a crime. However, the indictment in this case does not meet that test.
The language in the order finding this statute unconstitutional is expunged and then the judgment of the trial court dismissing the indictment is approved because of vagueness, without prejudice to file new charges if the exigencies of the situation require or render same appropriate.
Therefore, by way of summary, (1) We affirm the trial judge's ruling that Section 112.313(2) is unconstitutional; (2) We find that Section 112.314 is not unconstitutional and to that extent reverse the judgment of the trial court. We agree with the trial court that the indictment as presently framed is void for vagueness; however, the charges may be refiled either by indictment or information if the State elects to do so; (3) Section 839.07, Florida Statutes, as construed above is constitutional, but the indictment was properly dismissed for vagueness; however, we find this dismissal to be without prejudice to the filing of new charges, if the State determines to do so.
Accordingly, the orders of the trial court are affirmed in part and reversed in part without prejudice to the right of the State to refile charges if it elects to do so under Sections 112.314 and 839.07, Florida Statutes.
It is so ordered.
ADKINS, C.J., and McCAIN, OVERTON and ERVIN (Retired), JJ., concur.
NOTES
[1] Although not material sub judice, we note that Sections 112.313 and 112.314 have subsequently been substantially amended by the legislature in its 1974 session, Chapter 74-177, Laws of Florida. See Article X, Section 9, Florida Constitution.
[2] Section 112.317, Florida Statutes, provided that violation of this statute would constitute a misdemeanor. This section has been amended by Chapter 74-177, Laws of Florida, to provide: "Intentional violation of any provision of this part by any officer, employee or candidate shall constitute grounds for dismissal from employment, removal from office, or removal from the ballot."