PER CURIAM.
The Florida Commission on Ethics has found petitioner, a member of the City Commission of Stuart, Florida, to be in violation of F.S. 112.313(1), F.S.1973, as amended by Chapter 74-177, Laws of Florida which provides as follows:
“No officer or employee of a state agency, or of a county, city or other political subdivision of the state, or any legislator, or legislative employee shall accept any gift, favor, or service, of value to the recipient, that would cause a reasonably prudent person to be influenced in the discharge of official duties.”
In his Petition for Writ of Certiorari, petitioner asserts that the statute is unconstitutionally vague on its face and was unconstitutional as applied to him. We agree.
A factual background is necessary. In May of 1974, M & W Land, Inc., a foreign, corporation, filed a petition to annex cer *619 tain lands lying in Martin County into the City of Stuart. M & W was at the time involved with Rossmoor Corporation in a joint venture for the development of the property to be annexed. A PUD (Planned Unit Development) zoning regulation had only recently been enacted by Martin County, but Stuart had no such ordinance. The PUD concept was virtually unknown in the area. To demonstrate the concept and the quality of planning used by Ross-moor in its planned communities, an invitation was extended to the City Commission and certain employees of Stuart to visit and inspect its development known as La-guna Hills in California (located near Los Angeles) which development was deemed to be analogous to the one proposed for Martin County. The trip was for the purpose of fact finding. Prior to the trip, the City Commission sought advice from the city attorney as to any possible “Sunshine Law” violation. When the city attorney informed the Commission that the proposed trip, in his opinion, did not constitute a violation of the “Sunshine Law”, petitioner, after personally determining that his vote on the annexation issue would not be influenced made plans to make the trip. Spouses were also invited.
Two groups made the trip. Petitioner and his wife participated in the group which went on the weekend of August 23-25, 1974. Rossmoor Corporation paid for some of the meals [1] and for the air fare of petitioner and his wife. The cost was approximately $1,223.00 to Rossmoor.
Subsequent to the trip, a complaint was filed with the Commission on Ethics whereupon Honorable John D. Rawls, a member of the Commission was appointed Hearing Examiner. His findings of fact were adopted by the full Commission with amendments. The Commission found that the petitioner was in violation of F.S. 112.-313(1), F.S.1973, as amended by Chapter 74-177, Laws of Florida, but recommended to the Governor that no further action be taken.
In contending that the statute is unconstitutionally vague, petitioner relies on Zachary v. State, Sup.Ct.Fla.1972, 269 So. 2d 669 and State v. Llopis, Sup.Ct.Fla.1971, 257 So.2d 17. In the Zachary decision, the Supreme Court promulgated the standard by which a statute is to be evaluated, saying: “The test of a statute insofar as vagueness is concerned is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice.” (269 So.2d at page 670) In the Llopis decision, the court held subsection 6 of F.S. 112.313[2] unconstitutionally vague, quoting with approval from the order appealed wherein the trial judge rhetorically asked: “Under the language of F.S. 112.-313(6), who is to say what employment will, in fact, impair the independence of judgment of a person described in the statute ? What is the barometer, or ascertainable standard of conduct over which reasonable men of common intelligence are not required to guess at its meaning? The imposition of such liability violates the very fundamental precepts of due process.” (257 So.2d at page 19, emphasis added)
Judged by the principles of law announced in the Llopis case the standard contained within F.S. 112.313(1) is obviously constitutionally unacceptable. In essence, the statute prohibits a city, county, or state officer or employee from accepting any gift that “would cause” a "reasonably prudent person” to be influenced in the discharge of official duties. Do the words of the statute convey a “sufficiently definite warning as to the proscribed con *620 duct when measured by common understanding and practice”? We think not. Indeed, the Llopis opinion appears to have been written in contemplation of this very case. In the trial judge’s order, which appears to have been adopted by our Supreme Court, the Judge asked what employment “will, in fact” impair independence of judgment. The statute here considered employs instead of “will, in fact” the words “would cause”. The meaning is identical. Further, the trial judge (and the Supreme Court) used the descriptive phrase “reasonable men of common intelligence.” The statute (F.S. 112.313(1)) uses the words “reasonably prudent person.”
While we too find ourselves, as did the Supreme Court in Llopis, especially sympathetic with legislation aimed at safeguarding the public and insuring honesty and integrity in government at every level, nevertheless we may not allow our sympathies to interfere with the constitutional rights of those members of the public who are affected by the statute. All citizens, whether in the public or private sector, are entitled to be informed with reasonable precision what acts are proscribed. It is basically unfair, and therefore contrary to the American scheme of justice, to require a person to act at his or her peril. The determination of a standard of guilt may not be left to the mood of the times nor may it be supplied by either courts, commissions, or juries. Any statute employing terms or words so vague that men or women of common intelligence must guess as to its meaning and differ as to its application violates the first essential of due process of law.[3]
Having found that the statute which petitioner is alleged to have violated is unconstitutionally vague, the Petition for Certiorari is granted and the decision of the Florida Commission on Ethics is
QUASHED.
McCORD and MILLS, JJ., concur.
BOYER, C. J., specially concurs.

. Rossmoor paid for all of the evening meals but not all of the lunches, while petitioner paid for his wife’s and his own breakfasts.

. F.S. 112.313(6) provided: “No officer or employee of a state agency, or of a county, city, or other political subdivision of the state, or any legislator or legislative employee shall accept other employment which might impair his independence of judgment in the performance of his public duties.”

. State v. Llopis, supra, and authorities therein cited.