## STATE v. HOLZINGER.
### No. 77-27462-TT-A04.
County Court, Palm Beach County.

August 15, 1977.

Timothy Hmielewski, Delray Beach, for the state.

Robert C. Furr, Boca Raton, for the defendant.

DANIEL T. K. HURLEY, County Court Judge.

William Lee Holzinger, the defendant in this case, is charged with driving a "motor vehicle upon the *highways of this state*" while his license was suspended. Fla. Stat. 322.34. Through counsel, he has filed a motion to dismiss, asserting that Florida Statute 322.01(10) defines "street or highway" as —

> The entire width between the boundary lines of every way *publicly maintained* when any part thereof is open to the use of the public for purposes of vehicular travel. (Emphasis supplied.)

All parties agreed that the incident giving rise to this charge occurred in the parking lot of the Boca Raton Mall which is not "publicly maintained," but which is "open to the use of the public for purposes of vehicular traffic." See Fla. Stat. 316.003(54).

In essence, the defendant has argued that Florida Statute 322.34 is penal in nature and therefore must be strictly construed in favor of the person against whom the penalty is sought to be imposed. *Allure Shoe Corp. v. Lymberis,* 173 So.2d 702 (Fla.1965); *Hutchinson v. State,* 315 So.2d 546 (Fla.2d DCA 1975).

Additionally, defendant relies upon Florida Statute 725.021 which states —

> The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.

The state, on the other hand, has argued that the intent of the statute is to protect the motoring public. The advent of privately owned shopping malls with their nearby parking areas has, in many instances, caused the traditional downtown street traffic to move onto private property. The resulting traffic congestion and density, the state contends, intensify the need to extend all of the traffic control laws to these privately maintained parking facilities. To this end, the state has cited Fla. Stat. 322.42 which states —

> This chapter shall be liberally construed to the end that the greatest force and effect may be given to its provisions for the promotion of public safety.

In this same vein, it has been said that —

> The construction of a penal statute should not be unduly technical, arbitrary, severe, artificial or narrow . . . The words used need not be given their narrowest meaning, in complete disregard of the purpose or intent of the legislature . . . In short, although criminal statutes are to be strictly construed in favor of the defendant, the courts are not authorized so to interpret them as to emasculate the statutes. 73 Am.Jur.2d, Statutes §296 at pp. 454-455.

The Florida Supreme Court has taken a similar approach in construing the Sunshine Law, §286.011, Fla. Stat. (1975) which is a penal statute —

> We are persuaded to apply the rule that a statute enacted for the public benefit should be construed liberally in favor of the public even though it contains a penal provision. In this posture a reasonable construction should be applied giving full measure to every effort to effectuate the legislative intent. *City of Miami v. Berns,* 245 So.2d 38 (Fla.1971); *Board of Public Instruction v. Doran,* 224 So.2d 693 (Fla.1969); *Wolfson v. State,* 344 So.2d 611 (Fla.2d DCA 1977).

The underlying rationale of the state is compelling; but it is one that must be addressed to the legislature and not the court. To adopt the state's position, the court would have to blink in the face

of an obvious and legislatively enacted limitation, i.e., that the roadway was "publicly maintained." I am of the opinion that the Florida Supreme Court in *Watson v. Stone*, 4 So.2d 700 (Fla. 1941) set forth the controlling principles which must be utilized in the case at bar —

> Penal laws should be strictly construed . . . In the construction of penal statutes, if there is any doubt as to its meaning, the Court should resolve the doubt in favor of the citizen. Any doubt or ambiguity in the provisions of criminal statutes are to be construed in favor of the citizen, life and liberty. Statutes prescribing punishment and penalties should not be extended further than their terms reasonably justify. If doubt exists as to the construction of a penal statute, it is the duty of the court to resolve such doubt in favor of the citizen and against the state. Accused must be plainly and unmistakably within the criminal statute to justify conviction.

A strict construction of Florida Statute 322.34 together with the definitions from Florida Statute 322.01(10) compels the conclusion that the statute does not prohibit the operation of a motor vehicle on private property.

Accordingly, it is ordered and adjudged that the defendant's motion to dismiss be, and the same is granted.