Reubin O'D. Askew Governor Tallahassee
QUESTION:
Must a traveler who is on straight per diem pursuant to s.112.061(6)(a)1. or (c)1., F.S., make a deduction from his or her travel expense voucher for complimentary lodging?
SUMMARY:
A traveler who is on straight per diem pursuant to either s.112.061(6)(a)1. or (c)1., F. S., is not required by s. 112.061 to reduce his per diem claim because of his having received free lodging. Entitlement to straight per diem under s. 112.061(6)(a)1. and (c)1. is based and calculated on increments of travel time, not on actual expenditures for lodging or meals. However, a traveler on straight per diem pursuant to s. 112.061(6)(a)1. or (c)1. must reduce his claim in an appropriate amount if meals or lodging are included in a conference or convention registration fee also claimed, or if the traveler receives meals or lodging at a state institution.
This opinion is concerned solely with an authorized traveler's entitlement to the statutorily prescribed per diem allowance under s. 112.061(6)(a)1. and (c)1., F. S. No question was presented and no opinion is expressed as to any provision of part III of Ch. 112, F. S. (the Code of Ethics for Public Officers and Employees), or s. 111.011, F. S. (which is cumulative to provisions of part III of Ch. 112), or any other statute which might regulate the providing to or receiving by public officers and employees of free lodging. Also, pursuant to your request, I have excluded policy considerations and recommendations from this opinion.
The statutory basis for calculation of and entitlement to per diem
while traveling on official business, as opposed to any other method of payment or reimbursement for travel expenses, is increments of actual travel time. To be allowed per diem, a traveler must be reasonably and necessarily required to stay overnight. Section 112.061(5)(a), F. S. Straight per diem may be allowed for two statutory classes of travel: Class A, defined by s. 112.061(2)(k), F. S., as `[c]ontinuous travel of 24 hours or more away from official headquarters,' and Class B, which is defined by s. 112.061(2)(1), F. S., as `[c]ontinuous travel of less than 24 hours which involves overnight absence from official headquarters.' Section 112.061(2)(i), F. S., defines a `travel day' as a period of 24 hours consisting of 4 quarters of 6 hours each. For the `purposes of reimbursement and methods of calculating fractional days of travel,' s. 112.061(5)(a), F. S., prescribes the following formula for computation of per diem allowances for Class A and Class B travel:
 The travel day for Class A travel shall be a calendar day (midnight to midnight). The travel day for Class B travel shall begin at the same time as the travel period. For Class A and Class B travel, the traveler shall be reimbursed one-fourth of the authorized rate of per diem for each quarter, or fraction thereof, of the travel day included within his travel period. Class A and Class B travel shall include any assignment on official business outside of regular office hours when it is considered reasonable and necessary to stay overnight and for which travel expenses are approved.
The above statutory per diem formula does not incorporate any restrictions on the per diem allowances it contemplates and does not mention actual expenditures for lodging and meals. Cf. s.112.061(5)(b), F. S., which prohibits reimbursement on a per diem basis for Class C travel and prescribes a schedule for meal allowances. The basis for payment or reimbursement on straight per diem is the number of quarters of a travel day (or fractions thereof), with one-fourth of the authorized per diem rate being allowed for each quarter of fraction thereof. Likewise, neither s.112.061(6)(a)1. nor (c)1., F. S., in terms imposes any limitations on straight per diem allowances because of receipt of free lodging or in any manner mentions lodging or meal expenses. Cf. s.112.061(7)(h), F. S., forbidding either mileage or transportation expenses to a traveler gratuitously transported by another person; s. 112.061(8)(e), F. S., requiring any meals or lodging included in a convention registration fee to be deducted from allowances provided in subsection (6) of s. 112.061; s. 112.061(11)(a), F. S., requiring a copy of the program or agenda of a convention or conference, itemizing registration fees and any meals or lodging included in the registration fee, to be attached to and filed with the copy of the travel authorization request form on file with a state agency; s. 112.061(11)(b), F. S., providing that the travel voucher form required to be used by state officers and employees or authorized persons when submitting traveling expense statements for approval and payment provide, among other things, that per diem claimed has been appropriately reduced for any meals or lodging included in the convention or conference registration fees claimed by the traveler; and s. 112.061(6)(c)2., F. S., providing that, when lodging or meals are provided a traveler at a state institution, reimbursement may be made only for the actual expenses of such lodging or meals, not to exceed the maximum provided for in subsection (6) of s. 112.061.
Section 112.061(6)(a)1., F. S., for `purposes of reimbursement rates and methods of calculation' of per diem allowances, merely provides that a traveler may be allowed for travel to a convention or conference or for travel outside the state on state business serving a direct and lawful public purpose `[u]p to $35 per diem,' and s. 112.061(6)(c)1., F. S., for such purposes, provides that all `other travelers' than those designated in s. 112.061(6)(b), F. S., may be allowed `[u]p to $35 per diem' while traveling on official business. Section 112.061(6)(b), F. S., provides that the state officers therein designated `may receive $35 per diem while traveling on official business.' No limitations or exceptions or requirements such as those set forth above are expressed or declared by the Legislature in regard to the specified rates of per diem.
I would also note that the official travel voucher form promulgated by the Department of Banking and Finance (published in Ch. 3-2, F.A.C.) for use by state travelers contemplates, by its terms, entitlement to and collection of per diem only on the basis of increments of travel time. This form is required by statute to be used by any state traveler, s. 112.061(11)(b), F. S., and the Department of Banking and Finance is required by statute, s.112.061(9)(a), F. S., to prescribe the uniform state travel form and to promulgate rules and regulations under s. 112.061. The only provision of the official Department of Banking and Finance form contemplating reduction of claimed per diem, or taking meal or lodging expenses into consideration in regard to per diem, is in the affirmation or certification which must be signed by the traveler. The traveler must `certify or affirm,' among other things, that `any meals or lodging included in a conference or convention registration fee have been deducted from this travel claim . . . .' This provision implements s. 112.061(8)(e) and (11)(b), above, requiring such reduction and affirmation.
In AGO 076-83, I concluded in part that a traveler falling under the straight per diem provided for in s. 112.061(6)(a)1. `is not
required to reduce his request for the statutory per diem' (Emphasis supplied.) because of his having received a free meal. I further stated in AGO 076-83 that `[t]he per diem authorized by s.112.061(6)(a)1. does not contemplate itemizing the amount that the traveler to a convention or conference [and the same would be true as to a traveler on official state business outside of Florida or a traveler falling under s. 112.061(6)(c)1., F. S.] spent on each meal or lodging.'
Thus, a traveler to a conference or convention or a traveler conducting official state business outside of Florida claiming straight per diem under s. 112.061(6)(a)1., or a traveler claiming straight per diem under s. 112.061(6)(c)1., is simply entitled to the prescribed flat per diem rate (as determined by the agency head up to the maximum rate of $35, and pursuant to the calculation formula prescribed in s. 112.061(5), F. S.) regardless of his actual expenditures (or lack of expenditures) during the travel period for which the per diem is claimed. However, any such per diem allowances are subject to the prohibitions and requirements of s. 112.061(6)(c)2., (8)(e), and (11)(a) and (b), F. S., as described herein, wherever applicable and appropriate.Cf. s. 112.061(13), F. S., relating to travel on emergency notice and providing for direct payments to vendors for lodging and meals up to the authorized per diem rate for employees during such emergency travel periods.
As I noted above, the Legislature has expressly provided certain qualifications on a traveler's entitlement to claim per diem under specified and limited circumstances. Section 112.061(6)(c)2., F. S., provides that `other travelers' may be reimbursed only for the actual expenses of lodging or meals, not to exceed the maximum rates therefor provided in subsection (6) when lodging or meals are provided at state institutions. [Subsection (6) of s. 112.061, of course, does not prescribe any maximum rates for lodging, although s. 112.061(6)(d), F. S., does establish maximum rates for meals.] The other statutory qualification on per diem, as set forth in s. 112.061(8)(e) and (11)(b), F. S., is that any meals or lodging included in a conference or convention registration fee claimed by the traveler must be deducted in accordance with the allowances provided in subsection (6) of s. 112.061, which would include the flat or straight rate of per diem provided in subsection (6). See also s. 112.061(11)(a), F. S. Thus, it may readily be seen that the Legislature has in several particular circumstances expressly provided limitations on and exceptions to the rates of per diem (and other rates such as subsistence and the mileage or transportation expenses in s. 112.061(7)(h), F. S.) provided for in s. 112.061. But, other than these specified provisions, no conditions or limitations on or exceptions to theper diem allowances established by s. 112.061(6)(a)1. and (c)1. have been made in the terms of the statute.
In the absence of any additional, expressly provided legislative limitations on entitlement to and calculation of per diem, I am of the opinion that no additional limitations may be read into s.112.061(6)(a)1. or (c)1. It is a settled rule of construction that, where a statute expressly sets forth the things upon which it is to operate, or where the statute expressly provides certain exceptions to its operation, other such things or exceptions are not to be inferred. Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952); Williams v. American Surety Company of New York,99 So.2d 877, 890 (Fla. 1958); Thayer v. State, 335 So.2d 815, 817
(Fla. 1976). It is also settled that exceptions and provisos in a statute must be strictly construed, Farrey v. Bettendorf,96 So.2d 889, 893 (Fla. 1957), Coe v. Broward County, 327 So.2d 69, 71 (4 D.C.A. Fla., 1976); and that statutes imposing penalties [s.112.061(10), F. S., imposes both criminal and civil liability based on submission of false or fraudulent travel expense claims] are to be strictly construed in favor of the person against whom the penalty is sought to be imposed. Negron v. State,306 So.2d 104, 109 (Fla. 1974); State v. Llopis, 257 So.2d 17, 18 (Fla. 1971); Allure Shoe Corp. v. Lymberis, 173 So.2d 702, 704 (Fla. 1965). Thus, it is to be presumed that, had it been the Legislature's intention to establish additional conditions on or exceptions to a traveler's entitlement to receive a straight per diem allowance, it would have done so — or will in the future — in a clear, express, and unequivocal manner.
Your question is, therefore, answered in the negative.
Prepared by: Jerald S. Price, Assistant Attorney General