RYDER, Judge.
This is an appeal from the holding by the trial court that section 877.16, Florida Statutes (1979), is unconstitutionally vague and, therefore, void.[1] We agree and affirm.
Section 877.16, Florida Statutes (1979), states:
Exhibition of deformed animals prohibited; penalty — Whoever shall exhibit for pay or compensation any crippled or physically distorted, malformed, or disfigured beast, bird, or animal in any circus, show or similar place, or any other place to which an admission fee is charged, whoever knowingly causes to be advertised any such exhibition, and whoever solicits or procures the attendance of others at such exhibition with knowledge of the nature thereof, shall be guilty of a misdemeanor of the second degree, punishable as provided in section 775.082 or section 775.083.
Richard Johnson owns and operates an animal show with which he travels about the state exhibiting the animals at various county fairs and other events. Sometime in January 1978, Major Gill of the Manatee County Sheriff’s Office received complaints that Johnson might be violating section 877.16. Gill relayed the complaints to the City of Palmetto Police Department. Soon thereafter, Palmetto City Chief of Police A.E. Hambacher contacted Johnson and Jim Murphy, the operator of a midway at the Manatee County Fair, and informed both men of the complaints. After listening to Chief Hambacher, Mr. Murphy indicated that the animal show would be closed. In turn, Murphy was advised that in view of the closure, no charges would be filed. The show was shut down.
During the ensuing nonjury trial, photographs of various animals from the show were introduced into evidence. Chief Ham-bacher was called as a witness and he testified that there were no written guidelines, standards or definitions to which he could refer in applying and interpreting the statute. In looking at the photographs, he indicated those animals which, in his estima *1343 tion, were within the meaning of the statute, those which were not within the statute, and those about which he was uncertain. Hambaeher stated that as to some of the animals, he would seek advice from the state attorney’s office before making an arrest of the exhibitor.
Major Gill was also called as a witness. He testified that in determining a violation of the statute, he would consider the animals from a “layman’s point of view.” Gill then looked at the photographs; his opinion differed from Hambaeher’s as to several of the animals.
Johnson testified that he earned a living and supported his family by exhibiting freak animals. He would advertise and charge for admission to the show. He stated he had exhibited the animals in Hillsbor-ough and Escambia Counties without any difficulties; in Manatee and Leon Counties, however, his show was closed down. He testified that he had been unable to determine what criteria law enforcement officers used in determining whether there was a violation of the statute. Johnson also testified that some of the animals were normal for their breed. Since the show was closed down in 1978, Johnson has not been able to have his show booked in Florida by Murphy.
On April 29, 1980, Johnson filed a complaint for declaratory relief. The complaint, and its amendments, challenged the constitutionality of section 877.16, Florida Statutes (1979), and its predecessor, section 867.02, Florida Statutes (1977).
Subsequent to trial, the lower court declared section 877.16 unconstitutional and prohibited appellant from attempting to enforce the provisions of that statute against Johnson.
A penal statute must be strictly construed according to the specific words of that statute, and must be “construed in favor of the person against whom the penalty is sought to be imposed.” State v. Llopis, 257 So.2d 17 (Fla.1971), quoted in State v. Dinsmore, 308 So.2d 32, 35 (Fla. 1975). “[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.” Id.
The two law enforcement witnesses who testified at trial described themselves as having, and displayed their respective, common intelligence; yet they could not agree on the specific proscribed conduct when applied to Johnson’s situation. “A vague statute is one which is constitutionally infirm because its language is so unclear or ambiguous that persons of reasonable intelligence must guess at what conduct is proscribed.” State v. Ferrari, 398 So.2d 804, 807 (Fla.1981).
Appellants argue that mere reference to dictionaries should suffice in determining the true meaning of the questionable statutory language. However, the two law enforcement witnesses did differ as to the precise meaning of these words as applied in the field. The testimony further reflects Johnson’s confusion as to what specific conduct is proscribed. In addition, Johnson has not been afforded evenhanded enforcement throughout the state.
To meet the requirements of both the federal and state constitution, a statute which is an exercise of a police power must preserve or protect the public peace, order, morals, health, safety or general welfare of Florida citizens. See L. Maxcy, Inc. v. Mayo, 103 Fla. 552, 139 So. 121 (1932); Dobbins v. Los Angeles, 195 U.S. 223, 25 S.Ct. 18, 49 L.Ed. 169 (1904). There has been no showing that the statute involved here fulfills these requirements.
In its determination that the section under attack was unconstitutional, the trial court relied heavily on the case of World Fair Freaks Attractions, Inc. v. Hodges, 267 So.2d 817 (Fla.1972). It was in that decision that the Florida Supreme Court held unconstitutional the then companion statute, section 867.01, Florida Statutes. Com *1344 paring section 867.01 with the statute involved in the case sub judice, section 877.16, the only substantial and relevant difference in the statutory language was that the former prohibited the exhibition of deformed humans rather than deformed animals.
We find the trial court’s reliance upon World Fair Freaks, supra, was justified. The decision in World Fair Freaks can properly be read as precluding the validity of a statute such as section 877.16. We therefore hold that the statute is unconstitutionally vague and thus void.
AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.

. We have jurisdiction. Art. V, § 4(b)(1), Fla. Const. (1968); Fla.R.App.P. 9.030(b).